CELEBREZZE, ATTY. GEN., APPELLEE,
*v.* UNITED RESEARCH, INC. ET AL.,
APPELLANTS.

(No. 11348—Decided June 6, 1984.)

*Anthony J. Celebrezze, Jr.,* attorney general, and *Thomas M. McCarty,* for appellee.

*Frederick M. Lombardi* and *Bruce C. Scalambrino,* for appellants.

MAHONEY, J. Defendants-appellants, United Research, Inc. and Universal Acceptance Corp., appeal a trial court judgment finding that defendants' practice of suing consumers in a distant forum is deceptive and unfair pursuant to R.C. 1345.02 and enjoining defendants from continuing such practice. We affirm.

United Research, Inc. ("United") is an Ohio corporation that sells educational materials such as encyclopedias, bibles, children's books and cookbooks. United hires independent contractors to solicit sales throughout Ohio and in other states. When a sale is effected, the customer signs a retail installment sales agreement which is sent to United's principal place of business in Akron, Ohio. United assigns some of these installment contracts to Universal Acceptance Corp. ("Universal"), which is a credit bureau and collection agency responsible for billing and processing accounts receivable and taking action to collect such accounts.

United and Universal filed complaints against some fifty-eight consumer-debtors in the Akron Municipal Court to enforce their installment sales agreements. The fifty-eight consumers sued were either residents of other states or Ohio residents living as far away as Cincinnati. None of the consumers were residents of the territory served by the Akron Municipal Court, nor were any served with process within said territory. None of the contracts were signed and no sales were effected within said territory.

The Attorney General of Ohio brought this action pursuant to R.C. 1345.07, alleging that defendants' practice of suing consumers in a distant forum is an unfair practice pursuant to R.C. 1345.02 and asking for a permanent injunction prohibiting defendants from continuing this practice. The defendants answered, denying the allegations of the complaint. Both par-

ties filed motions for summary judgment. Based on affidavits, answers to interrogatories, and admissions of facts, the trial court granted plaintiff's motion for summary judgment and ordered the requested injunctive relief.

### Assignments of Error

"1. The trial court erred in entering judgment against the defendants on the basis that the defendants' acts violated Ohio Revised Code Section 1345.02; and

"2. The trial court erred in entering judgment against the defendants on the basis that the defendants' acts violated the Federal Fair Debt Collection Practices Act, 15 U.S.C.A. Section 1692 *et seq.;* and

"3. The trial court erred in entering judgment against the defendants on the basis that the defendants' acts violated Section 1345.02 of the Ohio Revised Code in that subsection (C) required the incorporation into that Code section of the 'distant forum' prohibition, so called, of the Fair Debt Collection Practices Act, 15 U.S.C.A. Section 1692[i]; and

"4. The trial court erred in entering judgment against the defendant, Universal Acceptance Corp., under Ohio Revised Code Section 1345.02 when the defendant, Universal Acceptance Corp., is not and was not a 'supplier' as that term is defined in Section 1345.01 of the Ohio Revised Code."

The instant appeal presents two issues for our review:

(1) Whether suing consumers in a jurisdiction other than where the consumer resides or signed the contract is an unfair or deceptive practice in violation of R.C. 1345.02(A); and (2), if so, is Universal, as the assignee of the debt, a "supplier" as defined in R.C. 1345.01(C) and, thus, within the purview of R.C. 1345.02?

R.C. 1345.02 states in pertinent part:

"(A) No supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction.

"* * *

"(C) In construing division (A) of this section, the court shall give due consideration and great weight to federal trade commission orders, trade regulation rules and guides, and the federal courts' interpretations of subsection 45(a)(1) of the 'Federal Trade Commission Act,' 38 Stat. 717 (1914), 15 U.S.C. 41, as amended."

The Federal Trade Commission and at least one federal court have determined that a supplier's act or practice of filing collection suits in a judicial district other than the district in which the consumer resides or signed the contract is unfair and deceptive and in violation of Section 45(a)(1), Title 15, U.S. Code. *In re Marathon Oil Co.* (1978), 92 F.T.C. 422; *In re New Rapids Carpet Center, Inc.* (1977), 90 F.T.C. 64; *In re S. S. Kresge Co.* (1977), 90 F.T.C. 222; *In re Commercial Service Co., Inc.* (1975), 86 F.T.C. 467; *In re West Coast Credit Corp.* (1974), 84 F.T.C. 1328; and *Spiegel, Inc.* v. *Fed. Trade Comm.* (C.A. 7, 1976), 540 F. 2d 287.

We agree with what the court in *Santiago* v. *S. S. Kresge Co.* (C.P. 1976), 2 O.O. 3d 54, 55, said:

"* * * Such a practice in effect denies the consumer a day in court to contest the claim—a right that is the basis of our legal system. Due to the distance of the forum from the consumer's residence and the expense of defending, the creditor easily obtains default judgments and the consumer is prevented from raising defenses or contesting the claim.

"The practice as alleged by plaintiffs and the Attorney General of regularly suing consumers in a distant forum is unconscionable. It takes oppressive advantage of the consumer and forces the

consumer into a one-sided situation where the odds are unconscionably stacked against him. It abuses the legal system in order to deny Ohio consumers a meaningful opportunity to be heard, and offends traditional notions of fair play and substantial justice.* * *''

Thus, we hold that defendants' conduct is an unfair practice that violates R.C. 1345.02(A).

Defendant Universal contends that it is not a "supplier" as defined in R.C. 1345.01(C), and, thus, does not come within the purview of R.C. 1345.02(A). We do not agree.

R.C. 1345.01(A) states:

" 'Consumer transaction' means a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, franchise, or an intangible, * * * to an individual for purposes that are primarily personal, family, or household, or solicitation to supply any of these things."

R.C. 1345.01(C) defines "supplier" as:

" 'Supplier' means a seller, lessor, assignor, franchisor, or other person engaged in the business of effecting or soliciting consumer transactions, whether or not he deals directly with the consumer."

Further, R.C. 1345.02(A) applies to unfair or deceptive acts or practices whether they occur before, during or after the transaction.

Thus, we believe that R.C. Chapter 1345 prohibits the supplier from employing unfair practices from the initial contact with the consumer until the debt is paid. Since the Act provides consumer protection through all phases of the transaction, the seller cannot relieve itself of its duty to act fairly by assigning its claim to an agent or assignee and having that assignee conduct practices prohibited by the Act. Such a narrow construction of R.C. 1345.01(C) would defeat the purpose of the Act. Rather, we hold that Universal is a person engaged in the business of effecting consumer transactions (*i.e.*, payment) and, as such, is a supplier pursuant to R.C. 1345.01(C).

We overrule all of appellants' assignments of error. The judgment is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and QUILLIN, J., concur.