**Barbara ETAPA Plaintiff**

v.

**ASSET ACCEPTANCE CORPORATION and Greene & Cooper, P.S.C. Defendants**

**No. CIV.A. 03–86–KSF.**

United States District Court, E.D. Kentucky.

April 29, 2004.

Edward A. Icove, Smith & Condeni Co., LPA, Cleveland, OH, Steven C. Shane, Bellevue, KY, for Plaintiff.

Casey Cavanaugh Stansbury, Guy R. Colson, Fowler, Measle & Bell, L.L.P., Todd S. Page, Stoll, Keenon & Park, LLP, Lexington, KY, for Defendants.

## OPINION & ORDER

FORESTER, Chief Judge.

This matter is before the Court upon the following motions: Asset Acceptance Corporation's motion for judgment on the pleadings [DE # 23] and motion for summary judgment [DE # 42]; Greene & Cooper, P.S.C.'s motion for judgment on the pleadings [DE # 15] and motion for summary judgment [DE # 41]; and Barbara Etapa's motion to file her first amended complaint [DE # 24]. Having been fully briefed, these motions are ripe for review.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Plaintiff, Barbara Etapa ("Etapa") obtained a credit card from CitiBank with a $500 credit limit. Etapa made her last payment on the credit card in February of 1997. By April of 1997, the balance due on the credit card had grown to $729.55, exceeding the $500 limit because of over the limit fees, fees for late payments, and accruing interest charges.

CitiBank ultimately sold its interest in Etapa's outstanding debt to the Defendant, Asset Acceptance Corporation ("Asset Acceptance"). In April of 2001, Asset Acceptance contacted Etapa in an effort to collect the outstanding debt. Etapa refused to pay the outstanding debt. Etapa subsequently sent Asset Acceptance a cease communication letter that, under the Fair Debt Collection Practices Act ("FDCPA"), required Asset Acceptance to discontinue all communications unless the

communications were for the purpose of notifying her that it intended to file suit to collect the outstanding debt. At the time that Etapa sent the cease communication letter to Asset Acceptance, her outstanding debt on the credit card had grown to $1,595.99. Upon receipt of the cease communication letter, Asset Acceptance referred the matter to its attorney, the Defendant Greene & Cooper, P.S.C. ("Greene & Cooper").

On April 11, 2002, Greene & Cooper sent Etapa a demand letter indicating that if Etapa failed to pay the outstanding debt on the credit card it would have no choice but to institute legal proceedings. At that time, the outstanding debt on the credit card had grown to $1,636.15. Etapa, however, again refused to pay the outstanding debt. On November 15, 2002, Greene & Cooper, on behalf of Asset Acceptance, filed suit against Etapa in the Fayette County, Kentucky, District Court (the "Fayette District Court collection action"). The complaint simply alleged the following: (1) Etapa received a credit card from CitiBank; (2) Asset Acceptance purchased Etapa's account from CitiBank; and (3) Etapa failed to pay the $1653.27 balance due plus interest.

Greene & Cooper attached two exhibits to the complaint. Exhibit A was a statement of Etapa's account that provided a detailed summary of the amounts that Etapa owed Asset Acceptance, the origination of the debt, the date on which Etapa opened the account, and the manner in which Asset Acceptance calculated Etapa's outstanding debt. Greene & Cooper incorporated this exhibit by reference into the complaint. Exhibit B was an affidavit executed by Sarah Hinkle ("Hinkle"), an Asset Acceptance employee. The affidavit represented that Asset Acceptance was a "holder in due course" of Etapa's account. Greene & Cooper did not, however, incorporate this exhibit by reference into the complaint.

On February 20, 2003, Etapa instituted the instant action against Asset Acceptance and Greene & Cooper, claiming that Asset Acceptance and Greene & Cooper violated various sections of the FDCPA by using false, misleading or deceptive representations in connection with the collection of the outstanding debt. Specifically, Etapa claims that Asset Acceptance violated the FDCPA by executing the affidavit that included the allegedly false claim that Asset Acceptance was a holder in due course of Etapa's account. Etapa claims that Greene & Cooper violated the FDCPA by attaching the affidavit to the complaint in the Fayette District Court collection action.

Both Asset Acceptance and Greene & Cooper have filed motions for judgment on the pleadings and motions for summary judgment, asserting a number of grounds. Etapa has filed a motion to file her first amended complaint. The Court will address all of these motions.

## II. THE MOTIONS FOR JUDGMENT ON THE PLEADINGS

### A. Standard

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings after the pleadings are closed but within such time as not to delay the trial. In deciding a motion for judgment on the pleadings, the Court applies the same standard as it applies when deciding a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 11 (6th Cir. 1987).

It is well established that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt

that the plaintiff can prove no set of facts in support of [his] claim which would entitle [him] to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "All factual allegations are deemed true and any ambiguities must be resolved in plaintiff's favor." *Persian Galleries, Inc. v. Transcontinental Ins. Co.*, 38 F.3d 253, 258 (6th Cir.1994). The Plaintiff must assert more than bare legal conclusions. *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir.1993). "In practice, 'a ... complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.' " *Id.* (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988)). In short, the issue when considering either a motion for judgment on the pleadings or a motion to dismiss for failure to state a claim is not whether the Plaintiff will ultimately prevail, but rather, whether the Plaintiff is entitled to offer evidence in support of his claims.

## B. Asset Acceptance's Motion

Etapa's claims in the instant case are founded solely upon the allegedly false, "holder in due course," statement made by Hinkle in the affidavit attached to the complaint filed in the Fayette District Court collection action. Asset Acceptance claims that the doctrine of absolute witness immunity precludes Etapa's claim because Hinkle made the statement under oath in the Fayette District Court collection action.

■ The doctrine of absolute witness immunity generally bars claims based upon allegedly false testimony. In *Briscoe v. LaHue*, 460 U.S. 325, 328, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983), the United States Supreme Court held that "all witnesses ... are absolutely immune from liability based upon their testimony in judicial proceedings." The issue before the

Supreme Court in *Briscoe* was whether Congress, in enacting 42 U.S.C. § 1983, had abrogated a witnesses' right to immunity from suit for false statements made in a judicial proceeding. The Supreme Court noted that, at common law, witnesses had traditionally been absolutely immune from liability based on their testimony. *Id.* at 331, 103 S.Ct. 1108. The Supreme Court further articulated several substantial reasons for this immunity. *Id.* at 332–33, 103 S.Ct. 1108. In analyzing the effect that the enactment of 42 U.S.C. § 1983 had on the longstanding common law doctrine of absolute witness immunity, the Supreme Court determined that "the common law's protection for witnesses is 'a tradition so well grounded in history and reason' that we cannot believe that Congress impinged on it by covert inclusion." *Id.* at 334, 103 S.Ct. 1108 (internal citation omitted). In reaching that decision, the Supreme Court made it clear that a federal remedial statute should not be interpreted to abrogate the longstanding doctrine of absolute witness immunity unless such an intent is clear on the face of the statute. The United States Court of Appeals for the Sixth Circuit reached the same conclusion when presented with this issue. *Spurlock v. Satterfield*, 167 F.3d 995, 1001 (6th Cir. 1999).

■ In examining whether the doctrine of absolute witness immunity should apply in the instant action, the Court must address two issues. First, the Court must determine whether Asset Acceptance's statement constitutes testimony in a legal proceeding. Asset Acceptance made the allegedly false statement regarding its holder in due course statement in an affidavit executed under oath in the Fayette District Court collection action. Other jurisdictions have recognized that testimony proffered by a witness in an affidavit is an important part of the judicial process and it should enjoy the same protection as

testimony provided in court. *See Collins v. Walden,* 613 F.Supp. 1306, 1314 (N.D.Ga.1985). The Court agrees with this approach and finds that Asset Acceptance's statement qualifies for protection under the doctrine of absolute witness immunity. Second, the Court must determine whether the FDCPA abrogates the doctrine of absolute witness immunity. There is nothing on the face of the FDCPA that suggests that Congress intended for it to abrogate the doctrine. Accordingly, the Court finds that the FDCPA does not abrogate the doctrine of absolute witness immunity.[1]

 In opposing Asset Acceptance's motion for judgment on the pleadings, Etapa first argues that the United States Supreme Court approved of liability for litigation activities in *Heintz v. Jenkins,* 514 U.S. 291, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995). In *Heintz,* the Supreme Court did articulate the general rule that attorneys that engage in debt collection activities are required to comply with the FDCPA even when they engage in litigation activities. *Id.* at 292, 115 S.Ct. 1489. In reaching that determination, however, the Supreme Court did not address the issue of the availability of absolute witness immunity for statements made in the course of legal proceedings. Rather, the facts before the Supreme Court in *Heintz* involved a collections attorney that falsely represented the amount of a debt in a letter to the debtor's attorney. There is no question that such communications must comply with the FDCPA. The Supreme Court's decision, however, has no bearing on the instant action because the instant actions involves the issue of abso-

lute witness immunity for testimony provided in a legal proceeding. The Supreme Court simply did not address this issue.

Etapa also argues that Asset Acceptance lacks standing to assert absolute witness immunity in the instant action. Etapa claims that the Asset employee, Hinkle, is the only party that could possibly assert absolute witness immunity since she made the statement. The Court disagrees with this position. Hinkle was clearly acting on behalf of Asset Acceptance when she made and executed her affidavit. Etapa cannot claim, on the one hand, that Hinkle's statement should be attributed to Asset Acceptance for liability purposes while claiming, on the other hand, that the protection that goes with the statement should not run to Asset Acceptance.

The Court is aware of only one other decision addressing the issue of the availability of the doctrine of absolute witness immunity in actions brought under the FDCPA. In *Beck v. Codillis & Stawiarski, P.A.,* 2000 U.S. Dist. LEXIS 22440 (N.D.Fl.2000), an unreported decision addressing a similar factual situation to that involved in the instant case, the United States District Court for the Northern District of Florida held that the doctrine of absolute witness immunity barred the plaintiffs' claims under the FDCPA. The Court agrees with this decision and finds that Asset Acceptance is entitled to judgment on the pleadings. Having determined that the doctrine of absolute witness immunity bars Etapa's claims, the Court finds that it is unnecessary to examine the other grounds asserted by Asset Acceptance in its motion for judgment on the pleadings.

---

1. The Court finds support for this conclusion in the fact that other longstanding common law defenses are clearly available under the FDCPA. For example, the Sixth Circuit has recognized the applicability of *res judicata, See Metzenbaum v. Huntington Nat'l Bank,* 124 F.3d 198, 1997 WL 579155 (6th Cir. 1997), and the Seventh Circuit has recognized the applicability of the *Rooker–Feldman* doctrine. *See Long v. Shorebank Dev. Corp.,* 182 F.3d 548, 554 (7th Cir.1999).

## C. Greene & Cooper's Motion

To succeed on her FDCPA claims against Greene & Cooper, Etapa would have to prove that Greene & Cooper used a false, deceptive, or misleading representation in connection with the collection of the outstanding debt on the credit card. 15 U.S.C. § 1692e. Etapa's FDCPA claims against Greene & Cooper are based solely upon the allegedly false statement made by Asset Acceptance in the affidavit attached to the complaint filed in the Fayette District Court collection action. Etapa does not allege that Greene & Cooper actually made any false, deceptive, or misleading representations. Etapa does not even dispute Greene & Cooper's claim that it did not incorporate Asset Acceptance's holder in due course statement into the complaint by reference. Nevertheless, Etapa claims that Greene & Cooper should be found liable for violations of the FDCPA simply for attaching the Asset Acceptance affidavit to the complaint filed in the Fayette District Court collection action.

The Court disagrees with Etapa's position on liability under the FDCPA. The plain language of the FDCPA requires a debt collector to make false, misleading, or deceptive representation. Etapa does not even allege that Greene & Cooper made such a representation. Having reviewed the complaint filed by Greene & Cooper in the Fayette District Court collection action, it is clear that the only statements concerning Asset Acceptance's holder in due course status came from Asset Acceptance alone. Greene & Cooper did not repeat the claim in the complaint and did not incorporate the claim by reference. Etapa has come forward with no authority, and the Court knows of none, suggesting that the FDCPA imposes liability upon attorneys on the sole basis of false, misleading, or deceptive representations made by their clients. This lack of authority is understandable given the fact that it is the purpose of the FDCPA to curb abusive practices of debt collectors, not to limit the ability of attorneys to file adequate pleadings in legitimate collection actions. *See generally*, 15 U.S.C. § 1692.

Etapa contends that the affidavit attached to the complaint filed in the Fayette District Court collection action constitutes a "communication" made by Greene & Cooper within the meaning of that term under the FDCPA. The Court fails to see the relevance of this contention. Etapa has brought her FDCPA claims under 15 U.S.C. § 1692e. That section deals with false, misleading, or deceptive representations rather than "communications." The issue of whether the affidavit constitutes a "communication" from Greene & Cooper would only be relevant if Etapa had brought her claims under a section of the FDCPA that imposes liability upon a debt collector for improperly "communicating" with a consumer.

Even if the Court was inclined to find that Asset Acceptance's allegedly false statement should be attributed to Greene & Cooper, the Court would nevertheless conclude that Greene & Cooper was entitled to judgment on the pleadings. The Supreme Court has recognized that witnesses, prosecutors, and other attorneys are immune from damages liability for making false statements in judicial proceedings, as long as those statements are related to the action at hand. *See e.g., Burns v. Reed,* 500 U.S. 478, 489–90, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991). Other courts have found that relevant statements made in pleadings are entitled to absolute immunity. *See e.g., Jones v. Clinton,* 974 F.Supp. 712, 731 (E.D.Ark.1997), *Jones v. Mirgon,* 1989 WL 105498 *2 (D.C.Cir. 1989). The statement made in Asset Acceptance's affidavit regarding Asset Acceptance's holder in due course status is clearly related to the collection action

brought by Asset Acceptance against Etapa. As the Court has previously found in its discussion of Asset Acceptance's motion for judgment on the pleadings, there is nothing on the face of the FDCPA that suggests an intention to abrogate these longstanding immunity doctrines. Accordingly, the Court will grant Greene & Cooper's motion for judgment on the pleadings.

## III. THE MOTIONS FOR SUMMARY JUDGMENT

Both Asset Acceptance and Greene & Cooper have also submitted motions for summary judgment. These motions are primarily based upon the same grounds as the motions for judgment on the pleadings. Having determined that both Asset Acceptance and Greene & Cooper are entitled to judgment on the pleadings, the Court finds that it is unnecessary to address their motions for summary judgment. Accordingly, the Court will deny these motions as moot.

## IV. ETAPA'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

■ Etapa requests leave to file a first amended complaint. Etapa contends that this amendment is necessary for her to address the arguments raised in the motions for judgment on the pleadings filed by both Asset Acceptance and Greene & Cooper. In her original complaint, Etapa argued as follows:

9. Defendants attached to their complaint an affidavit (see, Exhibit B) in which the defendant Asset falsely represented "under penalty of perjury" that it is a "holder in due course" of the debt when, in fact, it is not because the holder in due course doctrine was abolished in consumer transactions, and it is not available to defendant Asset in connection with transaction pursuant to 12 C.F.R. § 433.1, et seq.

In the motions for judgment on the pleadings, Asset Acceptance and Greene & Cooper argued this claim was deficient because the regulations relied upon by Etapa specifically exempted credit card transactions from the abolition of the holder in due course doctrine in consumer transactions. Etapa contends that she should be allowed to amend her complaint to remove the restrictions that she placed upon her claim and generally claim that Asset Acceptance falsely represented that it was a holder in due course. Such an amendment would permit Etapa to prove her claim by showing that Asset Acceptance was not a holder in due course pursuant to applicable state law.

The Court finds that the amendment proposed by Etapa would be futile. The Sixth Circuit has held that denial of leave to amend a complaint is appropriate under the following circumstances:

where there is 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.'

*Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir.2002) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). In the instant case, Etapa's proposed amendment does not overcome the applicable immunity defenses relied upon by Asset Acceptance and Greene & Cooper, and it does not overcome the fact that Greene & Cooper cannot face liability under the FDCPA for a representation that it did not make. Accordingly, the Court finds that the proposed amendment would be futile, and the Court will deny Etapa's motion for leave to file her first amended complaint.

## V. CONCLUSION

Based on the foregoing, the Court, having reviewed the record and being other-

wise fully and sufficiently advised, HERE-
BY ORDERS that:

(1) Asset Acceptance's motion for judg-
ment on the pleadings [DE # 23] is
GRANTED, and Asset Acceptance's
motion for summary judgment [DE
# 42] is DENIED AS MOOT;

(2) Greene & Cooper's motion for judg-
ment on the pleadings [DE # 15] is
GRANTED, and Greene & Cooper's
motion for summary judgment [DE
# 41] is DENIED AS MOOT;

(3) Etapa's motion for leave to file first
amended complaint [DE # 24] is DE-
NIED; and

(4) judgment will be entered in favor of
Asset Acceptance and Greene & Coo-
per contemporaneously with this opin-
ion and order.