Herbert DELAWDER, Plaintiff,

v.

PLATINUM FINANCIAL SERVICES
CORP. et al., Defendants.

No. C–1–04–680.

United States District Court,
S.D. Ohio,
Western Division.

March 1, 2005.

Stephen R. Felson, Cincinnati, OH, Steven Charles Shane, Bellevue, KY, for Plaintiff.

Michael D. Slodov, Javitch Block & Rathbone LLP, Cleveland, OH, for Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

DLOTT, District Judge.

This matter comes before the Court on Defendants' Motion to Dismiss for Failure To State a Claim and Motion to Dismiss for Lack of Subject Matter Jurisdiction (doc. # 10).[1] Defendants in this case are Platinum Financial Services Corp. ("Platinum Financial"), law firm Javitch, Block and Rathbone ("JB & R"), and Nena Pavlovic ("Pavlovic"), an attorney at JB & R (collectively, "Defendants"). For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Dismiss.

### I. BACKGROUND

Plaintiff Herbert Delawder alleges that on October 1, 2003, Pavlovic filed a complaint in the Ironton Municipal Court on behalf of JB & R's client, Platinum Financial, asserting that Platinum Financial was the owner of a debt owed by Delawder and seeking collection of that debt. (Doc. # 1, ¶¶ 8,9.) The Ironton complaint alleged that Delawder owed a debt of $5355.60 plus interest and costs. (*Id.*, ¶ 10.) Defendants attached to the complaint an affidavit signed by Dan Varner, Vice President of Platinum Financial, attesting that the account holders, Herbert and Emma Delawder, owed to Platinum Financial the amount of $5355.60, plus interest and costs, on their account number 6011005215005326. (*Id.*, ex. A.) In response, Delawder filed an answer denying the allegations of the Ironton complaint and sought discovery from Defendants concerning the alleged debt. (*Id.* ¶ 11–12.) On December 2, 2003, before any discov-

---

1. Defendants have also filed a Notice of Supplemental Authority (doc. # 15) in support of their Motion to Dismiss. The Court has reviewed the cases cited in Defendants' Notice and considered them in coming to this decision.

ery occurred, Defendants voluntarily dismissed the Ironton case without prejudice. (*Id.* ¶ 13.)

Delawder filed this complaint on September 30, 2004, alleging that Defendants violated several provisions of both the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., and the Ohio Consumer Sales Practices Act ("OCSPA"), Ohio Rev.Code § 1345.01, et seq. In sum, Delawder alleges that Defendants violated the FDCPA and the OCSPA by filing the Ironton complaint, and attaching a false affidavit to the complaint, all the while knowing that they did not have means of proving the debt.[2] Defendants now move to dismiss all of Delawder's claims.

## II. JURISDICTION AND LEGAL STANDARD

The FDCPA specifically provides for federal jurisdiction over claims made pursuant to the Act. *See* 15 U.S.C. § 1692k(d). The Court has federal question jurisdiction under 28 U.S.C. § 1331, and supplemental jurisdiction over Delawder's state law claims under 28 U.S.C. § 1367. In considering Delawder's state law claims pursuant to its supplemental jurisdiction, this Court must follow Ohio law. *See Super Sulky, Inc. v. U.S. Trotting Ass'n,* 174 F.3d 733, 741 (6th Cir.1999).

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R.Civ.P. 12(b)(6). In assessing the sufficiency of a complaint, courts must follow "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). This accords with the purpose of Rule 12(b)(6), which the Sixth Circuit has explained "is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir.1993).

Generally, a court may not consider matters outside the pleadings in ruling on a Rule 12(b)(6) motion to dismiss. The Sixth Circuit has held, however, that " '[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [plaintiff's] claim.' " *See Weiner v. Klais and Co., Inc.,* 108 F.3d 86, 89 (6th Cir. 1997) (citations omitted). Defendants attached three documents to their Motion to Dismiss: Delawder's Answer to the Ironton complaint, a letter from Delawder's counsel in the Ironton suit to Robert Lurie at JB & R regarding his noticed deposition, and Plaintiff's Notice of Voluntary Dismissal in the Ironton case. The two court filings are admissible as public records. *See New England Health Care Employees Pension Fund v. Ernst & Young, LLP,* 336 F.3d 495, 501 (6th Cir.2003) (courts may consider materials beyond the

---

**2.** Delawder has also brought a claim under Ohio Revised Code section 1345.09(D), which permits a consumer the right to seek "a declaratory judgment, an injunction, or other appropriate relief against an act or practice that violates [section 1345]." Defendants apparently seek to dismiss this claim as well, arguing that Delawder may obtain such relief only after making the appropriate showing under Federal Rule of Civil Procedure 65. Defendants are correct. *See Mick v. Level* *Propane Gases, Inc.,* 168 F.Supp.2d 804, 811 (S.D.Ohio 2001). The Court notes, however, that although Delawder framed this request as a claim, it is actually merely a request for a remedy based upon his other claims. Delawder has not yet moved for such relief. The Court agrees with Delawder that it is premature to consider appropriate remedies at this point in the proceedings and declines to consider Defendants' motion to dismiss as to this request for remedy.

complaint "if such materials are public records or are otherwise appropriate for the taking of judicial notice"). Also, Delawder referenced, or at least referred to, all of these documents in his complaint, and actually attached one of them to the complaint. (*See* doc. #1, ¶¶ 11–13, and ex. B.) As these documents are central to Delawder's claim, the Court will consider all three of them in ruling on Defendants' Motion to Dismiss.[3]

Finally, "[o]n a Fed.R.Civ.P. 12(b)(6) motion, all of the allegations contained in the plaintiff's complaint are accepted as true, and the complaint is construed liberally in favor of the party opposing the motion." *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir.1995). At the same time, however, the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

## IV. ANALYSIS

### A. FDCPA Claims

The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e; *accord Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir.2003).

### 1. Defendants as Debt Collectors

Preliminarily, for the Defendants to be liable under the FDCPA, they must fall within the FDCPA's definition of a "debt collector." The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *See* 15 U.S.C. § 1692a(6).

■ Delawder has alleged that JB & R and Pavlovic are "engaged in the practice of collecting debts on behalf of the [sic] third parties" and therefore are "debt collectors" under Section 1692a(6). (*See* doc. #1, ¶ 5.) The Supreme Court has held that lawyers and their law firms who regularly engage in consumer debt-collection litigation qualify as "debt collectors" under the FDCPA, and thus may be held liable under its provisions. *See Heintz v. Jenkins*, 514 U.S. 291, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995).

■ Delawder's allegations do not exactly mirror the statutory definition, and Delawder has not yet alleged any facts suggesting that either JB & R or Pavlovic *regularly* engage in debt collection. It may be that discovery shows that JB & R and Pavlovic do not regularly engage in debt collection, and thus are not debt collectors liable under the FDCPA, though the Court notes that they have not challenged their

---

**3.** Defendants also attached a document to their Reply which appears to be an assignment of Delawder's credit debt to Platinum Financial. (*See* doc. #14, ex. 1.) The Court is uncertain whether the rule regarding consideration of attachments to a motion to dismiss applies equally to documents attached to a reply in support of a motion to dismiss. Regardless, the Court declines to consider this attachment in ruling on Defendants' motion.

Delawder did not refer to the attached document in his complaint and likely did not even know of its existence. Moreover, the document is neither a public document nor self-authenticating, and refers to another portion of the agreement which was not also attached. Finally, though the document may be pertinent to this case, it would be unfair for the Court to consider it when Delawder has not had a chance to review or respond to it.

categorization as debt collectors. When construed in the light most favorable to Delawder, the Court finds that Delawder's allegation that JB & R and Pavlovic are debt collectors is sufficient to survive a motion to dismiss.

Similarly, Delawder has alleged that Platinum Financial "specializes in the purchase of and the collection of distressed consumer debt consisting of old defaulted and delinquent obligations or accounts which it purchases from original creditors" and that it is therefore a debt collector under Section 1692a(6). (*See* doc. # 1, ¶ 4.) Delawder has alleged facts suggesting that Platinum Financial is in the business of regularly collecting debts, and Platinum Financial has not challenged those allegations. Consequently, when taken in the light most favorable to Delawder, the Court finds that Delawder's allegation that Platinum Financial is a debt collector is sufficient to survive a motion to dismiss.

### 2. Alleged Conduct

#### a. Liability for Litigation Conduct Generally

Defendants suggest that their conduct is exempt from the strictures of the FDCPA because it occurred in the context of litigation, and to forbid such practices is an overbroad reading of the statute and of the Supreme Court's decision in *Heintz.* Defendants argue specifically that *Heintz* was only about a lawyer's sending of a letter, and should not be read to extend FDCPA liability to the filing of a pleading. (*See* doc. # 10, at 9.) Defendants misread *Heintz,* which was not limited to the context of the case.

■ In *Heintz,* the defendant-attorney argued that the Court should read the FDCPA as "containing an implied exemption for those debt-collecting activities of lawyers that consist of litigating." 514 U.S. at 295, 115 S.Ct. 1489. The Court noted that an earlier version of the FDCPA included an express exemption for lawyers, but that exemption was repealed. *Id.* at 294–95, 115 S.Ct. 1489. The Court took this as evidence of Congress' intent to subject lawyers to the FDCPA whenever they met the definition of "debt collector." Thus, the Court held that the FDCPA "applies to attorneys who regularly engage in consumer-debt-collection activity, even when that activity consists of litigation." *See id.* at 294, 299, 115 S.Ct. 1489.

Consequently, Defendants can be held liable for all litigation conduct, including the filing of the Ironton complaint, if that conduct violates the FDCPA.

#### b. Specific Statutory Claims

■ Defendants wrongly construe Delawder's claims as based only upon "the mere filing of a lawsuit, and voluntary dismissal." (*See* doc. # 14, p. 2.) First, Delawder claims that Defendants violated Section 1692e(2) by falsely representing the character, amount, or legal status of a debt. Delawder claims that Defendants misrepresented both the amount of the debt and Platinum Financial 's legal interest in it. (*See* doc. # 1, ¶¶ 14–16). Courts have recognized claims under Section 1692(e) that are, as here, based upon a debt collector's filing of a complaint to collect a debt and attaching an affidavit to the complaint that allegedly misrepresented the amount of the debt or the debt collector's legal claim upon the debt. *See, e.g., Hartman v. Asset Acceptance Corp.,* No. 1:03–cv–113, slip op. at 19 (S.D.Ohio Sept. 29, 2004); *see also Gearing v. Check Brokerage Corp.,* 233 F.3d 469, 472 (7th Cir.2000); *compare Beck v. Codilis & Stawiarski, P.A.,* No. 4:99cv485–RH, 2000 WL 34490402, *8, 2000 U.S. Dist. LEXIS 22440, at *17–18 (N.D.Fl. Dec. 27, 2000) (debt collector-attorneys violated Section 1692e(2) by filing false affidavits in collection suit, but plaintiff-debtor could not re-

cover because action was barred by absolute witness immunity). The Court thus holds that Delawder's allegation that Defendants falsely represented the nature of his debt states a claim under Section 1692e(2).

■ Second, Delawder claims that Defendants violated Section 1692f(1), by attempting to collect an amount of debt when that amount was not expressly authorized by the agreement creating the debt or permitted by law. (*See* doc. # 1, ¶ 14.) Courts have recognized claims under Section 1692f(1) where, as here, a debt collector files a lawsuit seeking an amount allegedly greater than the amount owed under a debt agreement. *See, e.g., Conner v. Howe*, 344 F.Supp.2d 1164, 1172–73 (S.D.Ind.2004) (granting plaintiff summary judgment for Section 1692f(1) claim against debt collector-attorney for filing lawsuit seeking to collect amount greater than permitted by loan agreement, that additionally was invalid); *see also Miller v. Wolpoff & Abramson*, 321 F.3d 292, 308 (2nd Cir.2003) (recognizing plaintiffs would state a claim against defendant law firm if law firm sued to collect an amount not permitted by debt agreement or by law, but affirming dismissal of plaintiff's claim on other grounds). The Court thus holds that Delawder states a claim under Section 1692f(1).

Third, Delawder claims that Defendants threatened to take an action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. § 1692e(5). Like his other claims, Delawder's claim under Section 1692e(5) is based generally upon Defendants' filing of the Ironton complaint, an action that Delawder argues could not legally be taken for a variety of reasons. However, regardless of the legality of Defendants' filing of the Ironton complaint, Defendants did not *threaten* to take that action, but actually took it by filing the complaint. Moreover,

contrary to Delawder's argument, the fact that Defendants later voluntarily dismissed the Ironton complaint does not change the fact that Defendants in fact took the threatened action by filing suit.

■ Courts have rejected claims under Section 1692e(5) based upon allegedly illegal conduct that is not just threatened, but actually undertaken. *See Wehrheim v. Secrest*, No. IP 00–1328–C–T/K, 2002 WL 31242783, at *5 (S.D.Ind. Aug.16, 2002) (granting summary judgment to defendant debt collector on Section 1692e(5) claim where debt collector actually filed allegedly illegal suit to recover on debt), *see also Clark v. Pollard*, No. IP 99–1414–C H/G, 2000 WL 1902183, at *2–3 (S.D.Ind. Dec.28, 2000) (plaintiff did not state a claim under Section 1692e(5) for allegedly illegal action actually undertaken), *Pearce v. Rapid Check Collection, Inc.*, 738 F.Supp. 334, 338 (D.S.D.1990) (same). The Court finds the former opinions persuasive and holds that Delawder does not state a claim under Section 1692e(5).

■ Fourth, Delawder claims that Defendants violated Section 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt. Specifically, Delawder alleges the Defendants attached an affidavit to the Ironton complaint which contained "false and frivolous assertions." (*See* doc. # 1, ¶ 16.) Courts have recognized claims under Section 1692e(10) on this basis. *See, e.g., Gearing*, 233 F.3d at 472 (finding violation of Section 1692e(10) where debt collector filed complaint to collect debt with attached affidavit falsely claiming collector was subrogee of original creditor). The Court thus holds that Delawder states a claim under Section 1692e(10).

■ Lastly, Delawder claims that Defendants violated Section 1692d by engaging in conduct that had the natural con-

sequence of harassing, oppressing, or abusing Delawder in connection with the collection of a debt. Section 1692d lists several nonexclusive examples of such conduct, including, *inter alia*, threats of violence, use of obscene or profane language, causing a telephone to repeatedly ring with intent to annoy, abuse, or harass a person, and so forth. *See* 15 U.S.C. § 1692d. In *Hartman*, as here, the court considered a plaintiff's claim that the defendants violated various sections of the FDCPA, including Section 1692d, by filing a lawsuit to collect a debt and attaching an allegedly false affidavit to the complaint. *See Hartman*, slip op. at 16–17. The court held that the filing of a lawsuit or an affidavit is not the kind of conduct intended to be covered by Section 1692d. *Id.* at 17. This Court agrees and therefore holds that Delawder has failed to state a claim under Section 1692d.

### 3. Defendants' Other Arguments For Dismissal

Defendants make several alternative, non-statutory arguments about why Delawder cannot sustain an action under the FDCPA stemming from Defendants' filing of the Ironton complaint. As noted above, the Supreme Court has already considered and found that the FDCPA applies to litigation conduct. *See Heintz*, 514 U.S. at 294, 299, 115 S.Ct. 1489. Defendants point out that the *Heintz* Court did not expressly address Defendants' arguments. Thus, the Court will briefly explain why it is not persuaded by any of Defendants' other arguments for dismissal.

#### a. Immunity Arguments:

On the basis of what the Court construes as an amalgam of the doctrines of witness immunity, the litigation privilege, judicial immunity, and immunity under the First Amendment right to petition, Defendants argue that lawyers and their clients are immune from liability for statements made in the course of judicial proceedings. The Court is puzzled by Defendants' assertion that witness immunity is not at issue here. (*See* doc. # 14, p. 3–4.) Defendants' arguments for immunity in their Motion to Dismiss are based largely on *Etapa v. Asset Acceptance Corp.*, 373 F.Supp.2d 687 (E.D.Ky. 2004), wherein the court found that the doctrine of witness immunity protected the kind of behavior alleged here. *See Etapa*, at 687. If Defendants' arguments are based upon neither witness immunity, nor immunity under state law, which Defendants also discount in their reply brief, the Court is somewhat at a loss as to the basis of much of their argument. Regardless, the Court will address Defendants' arguments based upon some of the cases they have cited.

Though this Court recently addressed the issue of witness immunity and the FDCPA, the Court has found few others cases on point. The Court assumes that Defendants' disavowal of the doctrine of witness immunity is a belated attempt to distinguish this Court's recent decision in *Todd v. Weltman, Weinberg, & Reis, Co., L.P.A.*, No. C–1–03–171, 2004 WL 2827861, at *7 (S.D. Ohio Aug 3, 2004), where the Court held that witness immunity does not bar claims under the FDCPA based upon defendants' filing of defective affidavits in a debt collection suit. As noted above, Defendants cite the unpublished *Etapa* for the contrary proposition. *See Etapa*, at 687; *see also Beck*, 2000 WL 34490402, at *8, 2000 U.S. Dist. Lexis 22440, at *18.

The Court declines to follow *Etapa* and *Beck*, and instead agrees with its sister court's opinions in *Hartman* and *Blevins*. In both *Hartman* and *Blevins*, the court found that neither the doctrine of absolute witness immunity nor the litigation privilege barred actions under the FDCPA for statements made in litigation

proceedings attempting to collect a debt. *See Blevins,* 395 F.Supp.2d 662 (S.D.Ohio 2004); *Hartman,* slip op. at 7–16. The doctrine of witness immunity is intended to protect the judicial process by protecting witnesses from self-censorship and intimidation. *See Briscoe v. LaHue,* 460 U.S. 325, 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983). The rationale for the doctrine does not apply in the context of this case, where only a debt collector can be held liable under the FDCPA, and the "witness" at issue is that debt collector, who can control his or her own liability by not making knowingly false statements in attempting to collect a debt. The Court thus holds that the doctrine of absolute witness immunity does not bar Delawder's claims relating to the allegedly false affidavit in this case.

Defendants cite *Georgeadis v. County of Fairfield,* No. C2–99–204, 2000 WL 1459418 (S.D.Ohio Sept.25, 2000), for the related proposition that lawyers and their clients are entitled to absolute immunity, deriving from the doctrine of judicial immunity, for statements made in the course of judicial proceedings. Though the *Georgeadis* court did discuss the FDCPA, its discussion of the FDCPA was completely separate from and irrelevant to its discussion of the doctrine of absolute judicial immunity. *Id.* at *2–3. Judicial immunity protects a judge from actions he takes while in acting in his official capacity. *Id.* at *3. The *Georgeadis* court did not extend the doctrine of absolute judicial immunity beyond judges, and neither will this Court.

Defendants cite *Malley v. Briggs,* 475 U.S. 335, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986), for the proposition that in interpreting the FDCPA, courts may look to common law precedent on torts related to causes of action under the FDCPA, and

that such precedent supports the extension of immunity for litigation conduct under the FDCPA. The Court is not persuaded by Defendants' argument. The *Malley* Court specifically noted that, although a court may look to the common law for guidance in interpreting a statute, a court need not assume that Congress automatically intended to incorporate every common law immunity into statutes that it enacts. *Malley,* 475 U.S. at 340, 106 S.Ct. 1092. Given the broad drafting of the FDCPA and Congress' repeal of the attorney exemption, the Court is not persuaded that Congress intended to incorporate common law immunity into the FDCPA for Defendants' alleged behavior.

Defendants cite a line of cases including *McDonald v. Smith,* 472 U.S. 479, 105 S.Ct. 2787, 86 L.Ed.2d 384 (1985), for the proposition that since the First Amendment protects the petitioning activity of filing a complaint, Defendants cannot be held liable under the FDCPA for doing so. First, that case, like other cases finding immunity for petitioning activity under the First Amendment, involved a libel claim, which is not analogous to the case at hand. *See Smith,* 472 U.S. at 480, 105 S.Ct. 2787. Second, in *Smith* itself, the Supreme Court noted the limitations of immunity under the right to petition: "filing a complaint in court is a form of petitioning activity; but 'baseless litigation is not immunized by the First Amendment right to petition.'" *Id.* at 484, 105 S.Ct. 2787 (citations omitted). Thus, even if immunity under the right to petition could be extended to complaints filed under the FDCPA, it would not provide immunity for the conduct alleged here, that is, the filing of a complaint knowing that it was unfounded.[4]

4. The Court also notes that the FDCPA includes an exception for unintentional violations of the FDCPA that are the result of bona

fide error. *See* 15 U.S.C. § 1692k(c), *see also* Section IV.A.3.c., *infra.*

Applying any of these immunity doctrines to bar Delawder's claim under the FDCPA would be contrary to the FDCPA's statutory purpose. *See Hartman*, slip op. at 12. The Court thus rejects Defendants' immunity arguments.

**b. Commerce Clause Argument**

Defendants argue that construing the FDCPA to regulate statements made in the course of state judicial proceedings would violate the Tenth Amendment and exceed Congress' power under the Commerce Clause. The Tenth Amendment provides that "powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. Const. amend. X. Defendants argue that applying the FDCPA to attorneys' actions in bringing suit in state court wrongly preempts state regulation over litigation practice and procedure.

■■■ The First Circuit's opinion in *U.S. v. Bongiorno*, 106 F.3d 1027 (1st Cir. 1997), is instructive here. In *Bongiorno*, the court considered the appellant's claim that the Child Support Recovery Act ("CSRA") violates the Tenth Amendment. 106 F.3d at 1033. The court noted that the Tenth Amendment "is not applicable to situations in which Congress properly exercises its authority under an enumerated constitutional power." *See id.*, citing *New York v. United States*, 505 U.S. 144, 156, 112 S.Ct. 2408, 120 L.Ed.2d 120 (1992). The Court further noted that Congress passed the CSRA pursuant to the enumerated power of the Commerce Clause, and held that consequently, the Tenth Amendment did not apply. *Bongiorno*, 106 F.3d at 1033. The same is true of the FDCPA. Congress passed the FDCPA pursuant to its enumerated power under the Commerce Clause. *See* 15 U.S.C. § 1692d, *see also Smith v. Steinkamp*, No. IP01–1290–CH/S, 2002 WL 1364161, at *5 (S.D.Ind.

May 22, 2002). Thus, the Tenth Amendment does not apply to bar claims like Delawder's under the FDCPA.

■■■ Moreover, a Tenth Amendment attack on a federal statute cannot succeed unless the following factors are present: "(1) the statute must regulate the 'States as States,' (2) it must concern attributes of state sovereignty, and (3) it must be of such a nature that compliance with it would impair a state's ability to structure integral operations in areas of traditional governmental functions." *Bongiorno*, 106 F.3d at 1033 (citations omitted). First, the FDCPA does not regulate the "States as States," or the states at all, but rather the conduct of debt collectors. Second, contrary to Defendants' argument, the FDCPA does not concern attributes of state sovereignty because it does not regulate state court practice and procedure. Finally, the FDCPA does not impair a state's ability to structure its integral operations because it regulates neither state court practice and procedure, nor any other integral operations in areas of traditional state functions. The FDCPA simply regulates the conduct of debt collectors.

Consequently, Defendants' argument regarding the Tenth Amendment and the Commerce Clause is without merit.

**c. Bona Fide Error Defense**

■■■ The Court notes that even though Delawder has stated claims against Defendants, Defendants may not be liable given the bona fide error defense provided in 15 U.S.C. § 1692k(c). Section 1692k(c) provides that a "debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error." The bona

fide error defense applies not only to ordinary debt collectors like Platinum Financial, but also to debt collector-attorneys like JB & R and Pavlovic. Courts have freed attorneys from liability under the FDCPA when those attorneys show that they unintentionally violated the FDCPA by asserting in good faith a claim that was later rejected by a court. *See, e.g., Luper,* 74 F.Supp.2d at 764.

Such considerations will be properly explored at the summary judgment phase of this case. At this point, Delawder has sufficiently alleged facts for its claims under 15 U.S.C. §§ 1692e(2), 1692f(1), and 1692e(10) to withstand Defendants' Motion to Dismiss.

### B. OCSPA Claims

Ohio Revised Code section 1345 makes it unlawful for a supplier to engage in an unfair, deceptive, or unconscionable act or practice in regard to a consumer transaction. Ohio Rev.Code § 1345.02; *accord Hanlin v. Ohio Builders and Remodelers, Inc.,* 212 F.Supp.2d 752, 755 (S.D.Ohio 2002).

#### 1. Defendants as Suppliers

The OCSPA defines a "supplier" as a "person engaged in the business of effecting or soliciting consumer transactions, whether or not he deals directly with the consumer." Ohio Rev.Code § 1345.01(B). Delawder has alleged that Defendants are suppliers under Section 1345.01(C) in that, "subsequent to the consummation of a consumer transaction, defendants engaged in the conduct of attempting to collect a debt." (*See* doc. # 1, ¶ 23.) Courts have interpreted the OCSPA to apply to the collection of debts associated with consumer transactions. *See Celebrezze v. United Research, Inc.,* 19 Ohio App.3d 49, 50, 482 N.E.2d 1260, 1262 (1984); *see also Schroyer v. Frankel,* 197 F.3d 1170, 1177 (6th Cir.1999). Additionally, courts have interpreted the OCSPA to apply to the collection of debts by attorneys that qualify as suppliers. *See Celebrezze,* 19 Ohio App.3d at 50, 482 N.E.2d at 1262; *see also Schroyer,* 197 F.3d at 1177.

To determine whether Defendants qualify as suppliers under the OCSPA, this Court must find that Defendants continuously or regularly engage in the "business of effecting or soliciting consumer transactions." *See Schroyer,* 197 F.3d at 1177. Thus, for this Court to determine whether Defendants qualify as suppliers under the OCSPA, this Court must consider specifically the regularity with which Defendants engage in debt collection litigation. *See id.*

■ As with Delawder's claim that Defendants qualify as debt collectors under the FDCPA, it is unclear from the complaint whether Defendants in fact regularly engage in debt collection litigation so as to qualify as suppliers under the OCSPA. The Court notes, however, that the definition of supplier under the OCSPA is broader than the definition of "debt collector" under the FDCPA. *See id.* Moreover, again, Defendants do not challenge their categorization as suppliers. The Court thus finds that under the liberal pleading standard, Delawder has sufficiently alleged that Defendants are "suppliers" under the OCSPA for purposes of a motion to dismiss.

#### 2. Claims Under Specific Sections

The OCSPA provides generally that "[n]o supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction." Ohio Rev.Code § 1345.02(A). Section 1345.02(B) then lists examples of conduct that qualifies as "deceptive" under Section 1345.02(A). Delawder has brought claims under four provisions of Section 1345.02(B).

First, Delawder claims that Defendants violated Section 1345.02(B)(1), which provides that it is a deceptive act or practice

for a supplier to represent that "the subject of a consumer transaction has sponsorship, approval, performance characteristics, accessories, uses, or benefits that it does not have." Second, Delawder claims that Defendants violated Section 1345.02(B)(6), which provides that it is a deceptive act or practice for a supplier to represent that "the subject of a consumer transaction will be supplied in greater quantity than the supplier intends." Third, Delawder claims that Defendants violated Section 1345.02(B)(9), which provides that it is a deceptive act or practice for a supplier to represent that "the supplier has a sponsorship, approval, or affiliation that the supplier does not have."

Delawder has not directed the Court to any cases sustaining claims under these sections in analogous circumstances, and the Court has found no such cases. The Court does not see how Delawder's allegations could be construed to state a claim under any of these sections and thus **GRANTS** Defendants' motion to dismiss as to Delawder's claims under Sections 1345.02(B)(1), 1345.02(B)(6), and 1345.02(B)(9).

Lastly, Delawder claims that Defendants violated Section 1345.02(B)(10). Section 1345.02(B)(10) provides that it is deceptive for a supplier to represent that "a consumer transaction involves or does not involve a warranty, a disclaimer of warranties or other rights, remedies, or obligations if the representation is false." The Court has found only two cases addressing a claim like Delawder's under the OCSPA.

The first, by an Ohio appellate court, considered such a claim under Section 1345.02(B) generally. *See Havens–Tobias v. Eagle*, No. 19562, 2003 WL 1601461, at *4–5 (Ohio Ct.App. March 28, 2003). The *Eagle* court considered the plaintiffs' claim under the OCSPA against a lawyer, employed by a debt collector, who filed suit to collect a debt from plaintiffs. *Id.* at *4. The plaintiffs alleged that the lawyer violated the OCSPA by, among other things, misrepresenting his client's legal authority to bring suit. *Id.* The *Eagle* court affirmed the trial court's dismissal of the claim because documents attached to the complaint showed the attorney was reasonable and not deceptive in bringing the debt collection suit. Nevertheless, the court's discussion of the case implies that an Ohio court would recognize a claim of this kind if the facts showed the defendant had engaged in deceptive behavior. In the second case, a federal court applying Ohio law did recognize such a claim. *See Hartman,* slip op. at 21. In *Hartman,* the court held that conduct like that alleged here—filing a complaint to collect a debt and attaching an affidavit misrepresenting the debt collector's legal claim to the debt—states a claim under Section 1345.02(B)(10). *Id.*

Given the OCSPA's purpose to protect consumers from deceptive acts and practices, and Ohio courts' recognition that debt collection falls within the OCSPA's ambit, the Court believes Ohio courts would recognize a cause of action under Section 1345.02(B)(10) for all deceptive debt collection practices, including a supplier's deceptive lawsuit to collect a debt. This is also consistent with some courts' holdings that a violation of the FDCPA is automatically also a violation of Section 1345.02 or 1345.03. *See, e.g., Becker v. Montgomery, Lynch,* No. 1:02CV874, 2003 WL 23335929, at *2 (N.D.Ohio 2003).

Thus, under the guidance of *Eagle,* this Court follows the *Hartman* court and holds that Delawder states a claim under Section 1345.02(B)(10).

### 3. Defendants' Other Arguments for Dismissal

#### a. Immunity Arguments

Defendants argue that they are immune from Delawder's OCSPA

claims under an amalgam of Ohio law, including the absolute litigation privilege and immunity under the Ohio Constitution's petition and speech clauses. The absolute litigation privilege excuses lawyers from being held liable for defamatory or libelous statements made in a lawsuit, where those statements bear a reasonable relationship to the subject of the lawsuit. *See Surace v. Wuliger,* 25 Ohio St.3d 229, 233, 495 N.E.2d 939, 942–43 (Ohio 1986). Delawder's claims do not involve defamation, and the cases applying the doctrine are not analogous to actions under the OCSPA against attorneys and their clients who are engaging in debt collection litigation. Consequently, this Court agrees with its sister court that "it does not appear that the Ohio courts would apply Ohio's absolute litigation privilege to claims brought under the OCSPA." *See Blevins,* 395 F.Supp.2d 662. Moreover, as noted above, the OCSPA has been applied to litigation activities. *See id.,* at 662, citing *Celebrezze,* 19 Ohio App.3d at 50, 482 N.E.2d at 1262 (debt collector's lawsuit filed in distant county violated OCSPA). Defendants have provided no contrary support for their arguments and the Court is not persuaded by them.

### b. Bona Fide Error

The Court notes that the OCSPA also provides a bona fide error defense excusing a defendant from liability if he "shows by a preponderance of the evidence that a violation resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid the error." *See* Ohio Rev.Code § 1345.11(A). While this provision may ultimately prove relevant, Delawder has stated a claim under Section 1345.02(B)(10) sufficient to survive a motion to dismiss.

### V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss

as to Delawder's claims under 15 U.S.C. §§ 1692e(5) and 1692d and under Ohio Rev.Code §§ 1345.02(B)(1), 1345.02(B)(6), and 1345.02(B)(9), and **DENIES** Defendants' motion to dismiss as to all of Delawder's other claims.

IT IS SO ORDERED.