[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 6, 2007
THOMAS K. KAHN
CLERK

No. 06-15914
Non-Argument Calendar

_____

D. C. Docket No. 06-00007-CV-MHS-1

WANDA H. BRONER,

Plaintiff-Appellant,

versus

WASHINGTON MUTUAL BANK, FA,
WASHINGTON MUTUAL BANK HOME LOANS,
SHAPIRO & SWERTFEGER,
JACK L. SWERTFEGER,
PHILIP A. HASTY,
et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(December 6, 2007)**

Before BIRCH, DUBINA and MARCUS, Circuit Judges.

PER CURIAM:

Wanda H. Broner, proceeding pro se, appeals the dismissal, with prejudice, of her amended complaint in which she alleged claims of employment discrimination based on race (African-American) and related claims.[1] Broner sued her prior employer, DeKalb County; Washington Mutual Bank; Shapiro & Swertfeger, the law firm that represented Washington Mutual Bank; Jack Swertfeger, an attorney for Shapiro & Swertfeger; William Linkous, also an attorney; Judge Glen Galbaugh, a state court judge who signed an order requiring Broner to pay rent into the court registry; First American Field Services; and Gail Gonzalez and Philip Hasty, employees of First American Field Services (collectively, "Defendants"). Her claims were based on the termination of her employment in May 2002, her subsequent contact with members of the Dekalb County Police Department concerning potential criminal trespass charges if she did not leave her job, and her subsequent filing of bankruptcy. The district court

[1] Broner asserted that the Defendants engaged in a mass conspiracy to violate her civil rights, in violation of 42 U.S.C. §§ 1981, 1983, and 1988. She also asserted claims against Washington Mutual Bank, Shapiro & Swertfeger, Jack Swertfeger, William Linkous, Glen Galbaugh, and Philip Hasty for violating the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq.; the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.; the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq.; the False Claims Act ("FCA"), 31 U.S.C. § 3729 et seq.; the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 et seq.; 12 U.S.C. § 1831n(2)(A); and O.C.G.A. §§ 44-7-52 and 44-7-58. Broner stated separate claims against DeKalb County and William Linkous for violations of the Bankruptcy Code; 31 U.S.C. § 3729(a) of the FCA; 42 U.S.C. §§ 2000e-3 and 2000e-2(a); 42 U.S.C. §§ 1981, 1982, 1983, 1985, and 1988; and unspecified portions of the FHA. Broner sued Gail Gonzalez for violations of the FCA, the FDCPA, and 42 U.S.C. §§ 1981, 1982, 1983, 1985, and 1988.

dismissed her amended complaint with prejudice, pursuant to 28 U.S.C. § 1915(e)(2), because it failed to allege any facts that, if proven, would state a claim on which relief could be granted. We affirm.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint need only provide enough information to give a defendant fair notice of the plaintiff's claim and the grounds the claim is based on. Seagood Trading Corp. v. Jerrico, Inc., 924 F.2d 1555, 1576 (11th Cir. 1991). A district court may dismiss a case proceeding in forma pauperis ("IFP") at any time if it determines that the action is frivolous or fails to state a claim on which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A claim is frivolous if it is "without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001).

We review a district court's dismissal of an IFP complaint, under 28 U.S.C. § 1915(e)(2)(B)(i), for abuse of discretion. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003). We show leniency to pro se litigants, but will not serve as de facto counsel or rewrite a pleading in order to sustain an action. GJR Invs., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998).

3

On appeal, Broner argues that her complaint should not have been dismissed because she alleged sufficient facts to support a finding of liability. With regard to the termination of her employment, the district court found that "she has not alleged a single fact which would support a finding that Defendants Linkous and DeKalb County knew or should have known that her termination was based upon any improper reason(s) or purpose(s)." Moreover, the district court found that, other than alleging that she was African-American and some defendants were white, Broner "has not alleged a single fact to support her claimed civil rights violations." The district court also determined that Broner failed to allege any facts in support of her claims that Washington Mutual and its attorneys violated any bankruptcy, fair housing, or debt collection statutes. The district court ultimately concluded that "Plaintiff's amended complaint does not allege facts which, if proven, would support her claims." Accordingly, the court dismissed her civil action with prejudice, pursuant to 28 U.S.C. § 1915(e)(2).

Broner then filed a motion for leave to file a second amended complaint, a notice of appeal, and a motion to proceed IFP on appeal. The district court denied her motion to file an amended complaint, because the action was already dismissed with prejudice, and, in any event, Broner's appeal divested the district court of

4

jurisdiction over the case. The court likewise denied Broner's motion for IFP status, finding that she had not presented any non-frivolous issues for appeal.

Broner then moved to proceed IFP with this Court. We denied leave, finding this appeal to be frivolous, and denied her motion for reconsideration. For the reasons stated in the district court, including that Broner has failed to allege any fact that could potentially lead to liability under any of the statutes on which she relies, the district court did not abuse its discretion in finding her complaint frivolous and did not err in finding that it failed to state a claim.[2] Accordingly, her complaint was properly dismissed with prejudice, pursuant to § 1915(e)(2).

**AFFIRMED.**

---

[2] Although not the basis for the district court's analysis, we observe that Broner previously filed an unsuccessful suit against DeKalb County, in which she asserted the same claims. See R1-14 at Exh. A; CM/ECF for the U.S. District Court for the Northern District of Georgia, No. 1:03cv3877, doc. 31. Her appeal from that case was unsuccessful. See Broner v. DeKalb County, Appeal No. 06-11108 (11th Cir. Apr. 13, 2006) (order dismissing appeal in part, remanding in part, and directing that case is closed). To the extent Broner has already litigated the claims arising out of her termination with DeKalb County, her attempt to reassert these claims is barred by the law of the case doctrine. See This That and the Other Gift and Tobacco, Inc. v. Cobb County, Georgia, 439 F.3d 1275, 1283 (11th Cir. 2006) (discussing the law of the case doctrine).