Helen **WILLIAMS**, Plaintiff,

v.

**JAVITCH, BLOCK & RATHBONE, LLP, et al, Defendants.**

No. 1:05CV819.

United States District Court, S.D. Ohio, Western Division.

March 22, 2007.

Lisa Talmadge Meeks, Robert Brand Newman, Newman & Meeks Co. LPA, Stephen R. Felson, Cincinnati, OH, for Plaintiff.

Michael J. Chapman, Javitch Block & Rathbone LLP, Cincinnati, OH, Michael D. Slodov, Javitch Block & Rathbone LLP, Cleveland, OH, for Defendants.

## ORDER

BECKWITH, Chief Judge.

Before the Court are a number of pending motions: Defendants' motion to dismiss the complaint (Doc. 2); their motion to strike portions of Plaintiff's amended complaint (Doc. 23); a motion to dismiss the amended complaint (Doc. 24); and several motions seeking leave to file supplemental authorities (Docs. 4, 7, 8, 30, 32, and 39). Defendants also filed a notice of their claim that the federal statute at is-sue, the Fair Debt Collection Practices Act, is unconstitutional (Doc. 35), and have sought leave to file a supplemental memorandum on that question. (Doc. 38) Responses and replies have been filed to these motions as appropriate.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Helen Williams alleges that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, and an analogous Ohio statute. Williams' claims stem from a lawsuit filed against her in Hamilton County Municipal Court by Palisades Collection LLC, an assignee of BankOne. The law firm of Javitch, Block & Rathbone ("JB & R") represented Palisades in that action. The municipal court complaint sought judgment on an unpaid credit card balance apparently issued originally by BankOne. That complaint, signed by a Javitch lawyer, attached an affidavit from a Palisades account specialist concerning Williams' account. The affidavit defines "creditor" as "Palisades Collection as Assignee of Bank One." Pertinent paragraphs of the affidavit state:

3. Based upon my personal knowledge of creditor's business records and practices for servicing of its credit accounts, the contents of this Affidavit are true and correct.

4. In the ordinary course of business, creditor opens credit accounts for its customers.

5. In addition to the foregoing, creditor maintains, as a regular practice of its business, computer records of activity on its credit accounts, including purchases made, payments received, amounts owing on such accounts, credits and offsets. It is the regular practice of creditor's business that entries may be made in such computer records only by individu-

als having personal knowledge (from examining account documentation) of the information reflected therein and that such entries made by at or near the time the events reflected in them occurred. It is also the regular practice of creditor's business to send monthly statements to the accountholders reflecting the purchases made, payments received and amounts owing on such accounts.

. . . . .

8. All documents attached are certified to be correct originals or true and correct copies of originals, being reproductions from the records or being evidence to establish the contents of a lost or destroyed document or computer transactional records. . . .

Williams answered the complaint, the matter was assigned a trial date, and Palisades then dismissed the complaint without prejudice, as it is entitled to do under Ohio law.

Williams then filed her complaint in this case, contending that Palisades and JB & R (and two individual JB & R attorneys) violated the FDCPA by suing her on a debt without adequate means of proving the existence of the debt, the amount of the debt, or that Palisades actually owned the debt. (Doc. 1)

Defendants moved to dismiss the complaint. (Doc. 2) This Court stayed its consideration of that motion pending the Sixth Circuit's decision in *Harvey v. Great Seneca Financial*, an appeal from a decision of this district court (Case No. 1:05–cv–047–SJD, Doc. 18) granting defendants' motion to dismiss an FDCPA claim based on almost identical facts. The Sixth Circuit affirmed, holding that an attorney who files a collection lawsuit supported by the client's affidavit of a debt owed, does not violate 15 U.S.C. § 1692d (which prohibits harassing, oppressing or abusive conduct)

or 15 U.S.C. § 1692e(10) (which prohibits false representations or deceptive means). See *Harvey v. Great Seneca Financial*, 453 F.3d 324 (6th Cir.2006). The court cited with approval this Court's orders in *Deere v. Javitch, Block and Rathbone*, 413 F.Supp.2d 886 (S.D.Ohio 2006) and *Davis v. NCO Portfolio Mgmt.*, 2006 WL 290491, 2006 U.S. Dist. LEXIS 7133 (S.D.Ohio February 7, 2006) (unpublished), dismissing substantively identical FDCPA claims.

After *Harvey*, in September 2006, Williams sought leave to amend her complaint (Doc. 20), and then filed that complaint the next day. (Doc. 21) The Amended Complaint names JB & R and the two JB & R attorneys sued originally, but does not identify Palisades as a defendant. Paragraphs 11 and 12 of the Amended Complaint contain passing references to "Defendant Palisades," but no separate allegations against Palisades are made. The Court will refer to the law firm and the individual defendants named in the amended complaint collectively as "JB & R."

The Amended Complaint alleges that JB & R files "many hundreds" of collection lawsuits every year, ninety percent or more of which result in default judgment. "In such cases there is no need for Defendants to review documents or take any other steps to insure the truth and accuracy of affidavits they execute and file." (Doc. 21, ¶ 7) Williams alleges on information and belief that "Defendants file most if not all of their complaints without having any access to the documents they would need to check the truth and accuracy of such affidavits even if they wanted to. In the rare case where the debtor demands to see documentary backup for the claim, Defendants routinely dismiss." (*Id.*, ¶ 8) And in Paragraph 10, Williams alleges that when JB & R signs collection complaints and attaches the boilerplate affidavits to those complaints, JB & R attorneys "know

their affiants lack personal knowledge of most if not all of the statements contained therein." These statements include the amount actually owed, applicable interest rates, whether late fees, over-limit charges, attorneys fees or other costs could be charged or collected under the original credit contract, and whether the assignee plaintiff actually owns the legal right to sue on the debt. Paragraph 12 describes the Palisades affidavit attached to the complaint against Williams, and identifies several statements that JB & R knew the affiant lacked personal knowledge of, including the balance due, the "regular practice" of maintaining records and sending monthly statements to accountholders, that a payment demand had been made at least 30 days prior to the affidavit's date, and that documents attached are true copies of original records. Williams alleges there were no documents attached to the affidavit filed in the municipal court case.

JB & R opposed the motion for leave to file the amended complaint. (Doc. 22) JB & R also filed a motion to strike certain paragraphs of that pleading. (Doc. 23) Then JB & R filed a multi-pronged motion to dismiss the amended complaint. (Doc. 24) The motion contends that Williams' "new" claim is time barred, that she lacks standing, and that her allegations fail to state a valid FDCPA claim. JB & R also presents a panoply of other arguments dealing with various forms of immunity, the Noerr–Pennington doctrine, and a constitutional challenge to the FDCPA as applied to an attorney's litigation conduct.

Given this saga of events, the Court finds that JB & R's original motion to dismiss the original complaint, while clearly meritorious based on *Harvey*, is mooted by Plaintiff's Amended Complaint. The Court grants leave for the filing of that Amended Complaint, given the liberal pleading rules underlying Fed. R. Civ. Proc. 15, and the fact that despite its age, this case is in its early procedural stages. The Court rejects JB & R's argument that Williams unreasonably delayed seeking leave to amend. This case was stayed specifically to await the *Harvey* decision, and Williams filed her amended complaint within a reasonably short time of the publication of *Harvey*.

All motions for leave to file supplemental authorities, and JB & R's motion for leave to file an oversize memorandum in support of its motion, are also granted.

The Court will address below JB & R's motion to dismiss the amended complaint and its motion to strike portions of that pleading.

## ANALYSIS

### 1. *Standard of Review.*

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint. The court is required to construe the complaint in the light most favorable to the Plaintiff, and accept all well-pleaded factual allegations in the complaint as true. See *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), and *Lewis v. ACB Business Services*, 135 F.3d 389, 405 (6th Cir.1998). A court, however, will not accept conclusions of law or unwarranted inferences which are presented as factual allegations. *Blackburn v. Fisk University*, 443 F.2d 121, 124 (6th Cir.1971). A complaint must contain either direct or reasonable inferential allegations that support all material elements necessary to sustain a recovery under some viable legal theory. *Lewis v. ACB*, 135 F.3d at 405 (internal citations omitted).

When considering the sufficiency of a complaint pursuant to a Rule 12(b)(6) motion, the Court recognizes that "a com-

plaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–6, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

■ JB & R attached several documents to its second motion to dismiss, specifically a copy of the state court record (Doc. 24, Ex. 1); six pages of what appear to be credit card statements from First USA Bank, Palatine, Illinois, showing a balance due and a "charge off account" entry apparently entered on 12/31/00 (Ex. 2); and a credit report on Williams that JB & R apparently obtained on March 10, 2005 (Ex. 3). JB & R relies on these documents to support its assertion that the state court complaint and the Palisades affidavit were truthful in stating that Williams owed the debt and the amount of that debt, mandating dismissal of Williams' FDCPA claims.

Fed.R.Civ.P. 12(b)(6) states that when matters "outside the pleading" are presented with a motion to dismiss, the motion **shall** be treated as one for summary judgment, and the parties **shall** be given the opportunity to present all material relevant to summary judgment. JB & R suggests that its documents are "central to the pleadings" such that its motion can be considered under Rule 12(b)(6). The Court agrees with respect to the state court records, which are clearly described in the amended complaint.

However, the Court disagrees that the other documents can be considered under Rule 12(b)(6) standards. The unverified credit card statements that are seven years old and do not mention "Bank One" (Palisades' assignor), and an unverified credit report from one of the major reporting bureaus listing a credit card debt, are not "central" to Plaintiff's claims. JB & R

suggests in a footnote that the Court should presume the accuracy of these documents, because they do not reflect any protest or objection from Williams about the debt. It is not Williams' burden to establish that these documents are *not* accurate at this stage of the proceedings.

The Court will therefore review JB & R's motion under the usual Rule 12(b)(6) standards without considering these documents.

2. *Plaintiff's Claims Under the FDCPA.*

■ The FDCPA was passed to regulate abusive debt collection practices. The Sixth Circuit has noted that the Act is "extraordinarily broad" and must be enforced as written, even when eminently sensible exceptions are proposed in the face of an innocent and/or de minimis violation. See *Frey v. Gangwish*, 970 F.2d 1516, 1521 (6th Cir.1992). The Court must evaluate the defendant's conduct under the "least sophisticated consumer" test, to objectively determine whether that consumer would be misled. *Smith v. Transworld Systems, Inc.*, 953 F.2d 1025, 1029 (6th Cir.1992).

■ Williams alleges JB & R violated three provisions of the FDCPA. 15 U.S.C. § 1692e generally forbids a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." Subpart (10) of that section echoes this language, as it prohibits "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." Section 1692f prohibits the use of any "unfair or unconscionable means to collect or attempt to collect any debt."

Viewed in the light most favorable to Williams, she alleges that JB & R filed the complaint against her without adequate

documentation to verify the truth and accuracy of its client's affidavit. She also alleges that JB & R knew (or had reason to know) that statements in the Palisades affidavit were false and inaccurate because the person who executed the affidavit lacked personal knowledge of the facts asserted, and had not examined any documents to support the affidavit.

In *Harvey v. Great Seneca,* the plaintiff-appellant Ms. Harvey, represented by the same attorney representing Williams in this case, presented a theory on appeal that she argued constituted an FDCPA violation. The Sixth Circuit refused to consider the "unpled allegations" because they had not been presented to the district court. Those allegations bear a striking resemblance to the allegations of the Amended Complaint in this case. The Sixth Circuit characterized this alternate theory as involving elements of improper motive, pattern and practice, and inadequate investigation of the debt before filing the lawsuit, but expressed no opinion on the theory's potential merit. *Harvey v. Great Seneca,* 453 F.3d at 328–329.

Williams essentially alleges that JB & R's "pattern and practice" is to prepare and file debt collection complaints attaching affidavits from creditors whose knowledge of the specifics of the original debt is limited or non-existent. The fact of the very high rate of default judgments entered in such collection actions creates a disincentive to "check the truth and accuracy" of its pleadings or its client's affidavits. In the few cases in which a debtor answers the complaint, or seeks discovery, JB & R dismisses the lawsuit without prejudice.

This Court has held in several previous cases that the filing of the collection lawsuit, standing alone, does not violate the FDCPA. See *Deere v. Javitch, Block & Rathbone,* 413 F.Supp.2d 886, 890–891

(S.D.Ohio 2006), and cases cited therein. *Deere* involved essentially identical allegations to those at issue in *Harvey.* This Court rejected Deere's attempt to plead a new "theory" advanced *only* in a brief opposing a motion to dismiss—a theory based on the same "unpled allegations" described in *Harvey* and alleged here in the amended complaint. This Court also held that even those facts, properly alleged, would not support an FDCPA claim. The "theory" presented in *Deere* was that JB & R routinely files collection actions supported only by "summary information" on large amounts of bad debt that its creditor-client bought for pennies on the dollar. The Court rejected Deere's argument that this conduct runs afoul of Sections 1692d (harassing and abusive conduct), 1692e or 1692f, because a collection lawsuit supported by the client's sworn affidavit is not a "false representation about the character or legal status of a debt, nor is it unfair or unconscionable." *Deere,* 413 F.Supp.2d at 891.

However, Williams' Amended Complaint goes some steps beyond the alternate theory described in *Deere.* Williams alleges that JB & R **knew** or should have known that the "account specialist" who executed the affidavit lacked personal knowledge of the matters she was attesting to in that affidavit. This alleges more than a lack of an adequate "paper trail" in the hands of the attorney, which this Court found insufficient to state a claim in *Deere.*

This case presents similar issues to those presented in *Delawder v. Platinum Financial* (S.D. Ohio Case No. 1:04–cv–680–SJD). There, Delawder alleges that JB & R (also a defendant there) violated Sections 1692e and e(10) of the FDCPA, because an "Affidavit in Support of Judgment" **identical** to the one at issue in this case was attached to a state court collection action against Delawder. His FDCPA

complaint alleges that affidavit was "bogus" and contained "false and frivolous assertions concerning the records that are allegedly maintained as well as the manner in which those account records are kept." (See Doc. 1 at ¶ 16.) The district court denied JB & R's motion to dismiss the FDCPA claim under Section 1692e(10), because Delawder alleged the affidavit contained false or deceptive assertions about "the character of the debt." [1]

The same is true here. Williams alleges that the affidavit contained false or deceptive representations about the status and character of the debt in question.

Similarly, in *Gionis v. Javitch, Block & Rathbone* (S.D. Ohio Case No. 2:04–cv–1119–JDH), one of my colleagues recently denied JB & R's motion for summary judgment on an FDCPA claim based upon a client's affidavit stating it was entitled to recover attorney fees "to the extent permitted by applicable law." The district court granted summary judgment to the plaintiff under Sections 1692e(5) and (10), because the representation might have confused a consumer into believing she would be liable for substantial attorney fees if she did not "pay up" right away. (Ohio law forbids creditors from recovering attorneys fees in consumer debt collection actions.) The court also rejected JB & R's argument that it could not be liable for any statements made by its client in an affidavit. An appeal from this judgment is pending in the Sixth Circuit (Dkt. Nos. 05–0307 and 06–3048).

As noted above, the court should grant a Rule 12(b)(6) dismissal only when "... it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. at 45–46, 78

S.Ct. 99. The Court cannot conclude that Williams' allegations are so fatally flawed that her claims under Sections 1692e and e(10) must be dismissed under this standard.

Section 1692f of the FDCPA prohibits "unfair or unconscionable" means to collect a debt. The Seventh Circuit recently noted that the phrase "is as vague as they come." *Beler v. Blatt, Hasenmiller, Leibsker & Moore*, 480 F.3d 470, 474 (7th Cir.2007), at *10. Examples provided in the statute include collecting an amount not expressly authorized by the original debt instrument, or communicating with a debtor using a postcard.

This section has been described as a "backstop" in the statute, intended to cover actionable debt collection practices that may not be expressly addressed in Sections 1692d and 1692e. See, e.g., *Kistner v. Law Offices of Michael P. Margelefsky*, 2007 WL 120150, 2007 U.S. Dist. LEXIS 1925 (N.D.Ohio, January 10, 2007). See also, *Edwards v. McCormick*, 136 F.Supp.2d 795, 806 (S.D.Ohio 2001).

Williams' allegations could fall within the meaning of the phrase "unfair or unconscionable." One of the cases JB & R cites described as two "hallmarks of unconscionability" a superior economic position and level of sophistication. See *Adams v. Law Offices of Stuckert & Yates*, 926 F.Supp. 521, 528 (E.D.Pa.1996). Both of those hallmarks applied here suggest that Williams' allegations are sufficient for purposes of Rule 12(b)(6).

■ As a final matter, JB & R argues that Williams "new" claim is barred by the FDCPA's one-year statute of limitation because it does not relate back to her origi-

---

1. The Sixth Circuit dismissed JB & R's interlocutory appeal and denied its petition for mandamus; 6th Circuit Dkt. # 05–3318, *De-lawder v. Platinum Financial*, June 19, 2006 (unpublished).

nal complaint. The Court disagrees. Williams timely filed her original complaint after the municipal court lawsuit was filed against her. Her new allegations relate directly to the filing of that municipal court action, and do not in the Court's opinion constitute an entirely new claim that does not relate back under Fed. R.Civ.P. 15(c).

The Court therefore denies JB & R's motion to dismiss the FDCPA claims of the amended complaint.

3. *Plaintiff's Ohio Law Claim.*

■ Williams alleges that JB & R violated the Ohio Consumer Sales Practices Act (OCSPA). That statute prohibits a covered "supplier" from committing unfair or deceptive acts or practices concerning a consumer transaction. The statute specifically excludes transactions between financial institutions and their customers. JB & R argues that Williams' OCSPA claim is frivolous because the underlying debt is a credit card debt, and thus a transaction with a financial institution. Williams responds that the financial institution did not sue her, Palisades did, and Palisades is not a "financial institution" entitled to the exemption from OCSPA liability.

This Court has held that a bank and its debt-collector attorneys are exempt from the OCSPA. See *Lamb v. Javitch, Block & Rathbone,* Case No. 1:04–cv–520, Doc. 19. However, the Court cannot locate any definitive authority suggesting that an assignee of a financial institution, an assignee whose business apparently is to collect old debt, is entitled to the same exemption. Several Ohio authorities have noted that companies who are in the debt collection business are subject to the OCSPA. See, e.g., *Dartmouth Plan, Inc. v. Haerr,* 1990 WL 197884, 1990 Ohio App. LEXIS 5738 (Ohio 3rd App. Dist., December 4, 1990): "R.C. 1345.01(C) defines a supplier as an assignor not an assignee although Ohio courts have found assignees to be suppliers in certain circumstances. Generally, those circumstances are ones where the assignee is in the business of attempting to enforce payment of the debt for a supplier, i.e. a collection agency. The courts deem such assignments as part of and effecting the consumer transaction. See *Celebrezze v. United Research,* 19 Ohio App.3d 49, 51, 482 N.E.2d 1260 (1984); *Liggins v. The May Company* (1975), 44 Ohio Misc. 81, 337 N.E.2d 816, 73 O.O.2d 306, 308." Given this authority, the Court denies JB & R's motion to dismiss the OCSPA claim under Rule 12.

4. *JB & R's Immunity and Constitutional Arguments.*

■ JB & R raises a number of arguments on varying themes of immunity from FDCPA liability, and the unconstitutionality of the FDCPA applied to attorneys engaged in debt collection litigation. This Court has rejected JB & R's immunity arguments several times, as have my colleagues in this district. See, e.g., *Hartman v. Asset Acceptance Corp.,* 467 F.Supp.2d 769 (S.D.Ohio 2004); *Blevins v. Hudson & Keyse, Inc.,* 392 F.Supp.2d 655, 662 (S.D.Ohio 2004); *Kelly v. Great Seneca Financial Corp.,* 443 F.Supp.2d 954 (S.D.Ohio 2005); and *Delawder v. Platinum Financial Services,* as well as *Gionis v. Javitch, Block & Rathbone,* discussed above. And in *Todd v. Weltman, Weinberg & Reis Co.,* 434 F.3d 432 (6th Cir. 2006), the Sixth Circuit affirmed the district court's conclusion that attorneys engaged in debt collection litigation are not absolutely immune from FDCPA liability.

JB & R suggests that *Todd* rejected all of these cases, and provides it some form of "functional" immunity from the claims asserted here. Since the Sixth Circuit specifically **affirmed** the district court's

order **denying** immunity to JB & R, the Court is hard pressed to accept JB & R's argument. The immunity/First Amendment/right to petition issues have been exhaustively addressed in the cases cited above. JB & R's current motion raises no new arguments. Therefore, the Court again finds no merit in JB & R's claims of immunity and unconstitutionality, and overrules the motion to dismiss based on those arguments.

5. *JB & R's Motion to Strike.*

 JB & R moves to strike the preamble and eleven different paragraphs from the Amended Complaint, contending they contain immaterial, impertinent, and scandalous allegations that are irrelevant to Williams' FDCPA claims. The paragraphs at issue are those that allege JB & R's general practices and procedures, including paragraphs 6–10 and 12–13. JB & R asserts these allegations are scandalous because Williams accuses the firm of criminal misconduct and violations of ethical rules. It also suggests that permitting the complaint to be presented to a jury would be unduly prejudicial.

The Court will not strike these paragraphs because JB & R is offended by them. The Court assumes, as it is entitled to do, that the allegations are made in good faith and within Rule 11's requirements. JB & R's claim of potential jury prejudice will be addressed at the appropriate stage of these proceedings.

JB & R also contends that its state of mind, or its intent, is irrelevant to an FDCPA claim, because the "least sophisticated consumer" standard is an objective one. JB & R cites *Kaplan v. Assetcare, Inc.,* 88 F.Supp.2d 1355 (S.D.Fla.2000), noting that knowledge or intent is not required to establish a prima facie FDCPA claim. However, knowledge or intent is a factor that can be considered in determining a defendant's ultimate liability. JB & R's knowledge and intent is not irrelevant, such that the requested paragraphs should be stricken from the complaint.

For these reasons, JB & R's motion to strike is denied.

## CONCLUSION

For all of the foregoing reasons, Defendants' original motion to dismiss (Doc. 2) is denied as moot. Plaintiff's motion for leave to file her amended complaint (Doc. 20) is granted. Defendants' motion to strike (Doc. 23) is denied. Defendant's motion to dismiss the amended complaint (Doc. 24) is denied. All motions for leave to file supplemental authorities (Docs. 4, 7, 8, 30, 32 and 39) are granted.

SO ORDERED.