Julius **KURIA**, Plaintiff,

v.

**PALISADES ACQUISITION XVI, LLC**, Defendant.

**Civil Action No. 1:09–cv–03321–JOF–RGV.**

United States District Court, N.D. Georgia, Atlanta Division.

Nov. 16, 2010.

Edward M. Wayland, Law Office of Edward M. Wayland, Montgomery, AL, for Plaintiff.

Jeremy Thomas McCullough, McCullough, Payne & Haan, Atlanta, GA, for Defendant.

## OPINION & ORDER

J. OWEN FORRESTER, Senior District Judge.

This matter is before the court on Defendant's motion to dismiss [15]; Defendant's motion to dismiss second amended complaint [19]; and the Non–Final Report and Recommendation of Magistrate Judge Russell G. Vineyard [23].

Having read and considered the Non–Final Report and Recommendation of Magistrate Judge Russell G. Vineyard, it is ADOPTED as the ORDER of this court. The court DENIES AS MOOT Defendant's motion to dismiss [15]. The court DENIES Defendant's motion to dismiss second amended complaint [19].

## ORDER FOR SERVICE OF NON–FINAL ORDER, REPORT AND RECOMMENDATION

RUSSELL G. VINEYARD, United States Magistrate Judge.

Attached is the Non–Final Report, Recommendation, and Order of the United States Magistrate Judge made in this action in accordance with 28 U.S.C. § 636(b)(1), Fed.R.Civ.P. 72(b), and this Court's Local Rule 72. Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the Report and Recommendation within fourteen (14) days of the receipt of this Order. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the district court. If no objections are filed, the Report and Recommendation may be adopted as the opinion and order of the district court and any appellate review of factual findings will be limited to a plain error review. *United States v. Slay*, 714 F.2d 1093 (11th Cir.1983) (per curiam).

The Clerk is directed to submit the Report and Recommendation with objections, if any, to the district court after expiration of the above time period.

**IT IS SO ORDERED**, this 27th day of August, 2010.

## MAGISTRATE JUDGE'S NON–FINAL ORDER, REPORT AND RECOMMENDATION

Plaintiff Julius Kuria ("Kuria") brings this action against Palisades Acquisitions XVI, LLC ("Palisades") alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Georgia Fair Business Practices Act ("GFBPA"), O.C.G.A. § 10–1–399 (2000). [Doc. 14]. Pending before the Court are Palisades' motions to dismiss the first amended complaint and the second amended complaint, [Docs. 15 & 19], and Kuria's motion for leave to file the second amended complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, [Doc. 20]. For the following reasons, Kuria's motion for leave to file the second amended complaint [Doc. 20] is **GRANTED**, and it is **RECOMMENDED** that Palisades' motion to dismiss the first amended complaint, [Doc. 15], be **DENIED** as moot, and that the motion to dismiss the second amended complaint, [Doc. 19], be **DENIED**.

## I. BACKGROUND

Palisades is a Delaware corporation with its principal office in New Jersey. [Doc. 16 ¶ 5]. Palisades' sister company is named "Palisades Collection, LLC," and is located at the same address in Englewood, New

Jersey. [Doc. 13 ¶ 4]. Palisades and Palisades Collection, LLC are both wholly owned by Asta Funding, and are represented by the same counsel. [*Id.* at ¶¶ 4–5]. Palisades is engaged in the business of buying and collecting debts that are in default. [Doc. 16 ¶ 5].

On December 1, 2008, Palisades sued Kuria in the State Court of Clayton County, Georgia for an amount allegedly due on a credit card account formerly owned by Providian that Palisades had purchased. [Doc. 16 ¶¶ 6, 10]. Kuria denies owing the sums claimed by Palisades or any debt to Providian. [*Id.* at ¶ 11]. When Kuria requested discovery, Palisades voluntarily dismissed the state court action on October 30, 2009, purportedly because it had no documentation substantiating the existence or validity of the debt aside from an entry on an electronic spreadsheet containing similar information about many other accounts. [*Id.* at ¶¶ 16–18].

On November 24, 2009, Kuria filed the instant suit alleging violations of the FDCPA and the GFBPA.[1] [Doc. 1]. The original complaint erroneously named Palisades Collection, LLC as the defendant. [*Id.*]. Kuria obtained the name "Palisades Collection, LLC" from court documents filed by Palisades in the Clayton County lawsuit. [Doc. 13 ¶ 2; Doc. 17 at 16]. On March 9, 2010, after defense counsel informed Kuria that Palisades Collection, LLC was not the proper defendant, Kuria was granted leave to amend the complaint to name Palisades Acquisitions XVI, LLC as defendant. [Doc. 14; Doc. 17 at 14; Doc. 19–1 at 10–11]. On March 15, 2010, Palisades filed a motion to dismiss the first amended complaint for failure to state a claim on which relief can be granted. [Doc. 15].

On March 29, 2010, Kuria, without leave of court or Palisades' consent, filed a second amended complaint adding only additional factual allegations to support the FDCPA and GFBPA claims. [Doc. 16]. On April 9, 2010, Palisades filed a motion to dismiss the second amended complaint prior to a ruling on the motion to dismiss the first amended complaint. [Doc. 19]. On April 21, 2010, Kuria moved for *nunc pro tunc* leave to file the second amended complaint. [Doc. 20].

## II. DISCUSSION

### A. Motion for Leave to File Second Amended Complaint

Palisades has moved to dismiss the second amended complaint because Kuria failed to obtain either its consent or leave of court prior to amending the complaint as required by Rule 15(a)(1) of the Federal Rules of Civil Procedure. [Doc. 19–1 at 5]. Kuria argues that he was not required to obtain leave to file the second amended complaint because under Rule 15(a)(1) he was entitled to amend the complaint as a matter of course within 21 days after serving it on the defendant or within 21 days of defendant filing a motion to dismiss under Rule 12(b)(6). [Doc. 20 at 3–4; Doc. 21 at 2]. However, recognizing that the Court

---

1. Specifically, Kuria alleged that Palisades "[made] false, deceptive or misleading representations in connection with the collection of a debt, in violation of § 1692e"; that Palisades "misrepresent[ed] the amount owed, in violation of §§ 1692e(2)(A), 1692e(10) and 1692f"; that Palisades misrepresent[ed] the legal status of a debt, including making a claim that a debt was owed when it was not in fact owed, in violation of § 1692e(2)(A) and § 1692e(10);" that Palisades "threaten[ed] to collect and attempt[ed] to collect any amount which is not expressly authorized by an agreement creating the debt or permitted by law, in violation of § 1692f(1);" and that Palisades "fil[ed] a lawsuit to collect a debt beyond the statute of limitations, in violation of §§ 1692e(2)(A) and 1692f." [Doc. 1 ¶ 23]. Kuria alleged that the FDCPA violations set forth were also violations of the GFBPA. [*Id.* ¶ 25].

may reject this argument, Kuria also seeks retroactive leave to file the second amended complaint on grounds that justice requires that leave be granted.[2]  [Doc. 20].

Rule 15(a)(1) states:

(1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed.R.Civ.P. 15(a)(1) (2009).  Kuria's argument that the second amended complaint was properly filed under Rule 15(a)(1) overlooks the fact that the rule permits a party to amend its pleading "once" as a matter of course and requires that the amendment occur within 21 days after serving the pleading or 21 days after service of a responsive pleading or designated motion, "whichever is earlier."  *Id.*  "The 21–day periods to amend once as a matter of course after service of a responsive pleading or after service of a designated motion are not cumulative."  Fed. R.Civ.P. 15 advisory committee's notes, 2009 amends.

■  Thus, Kuria's argument that the second amendment to the complaint falls within the scope of Rule 15(a)(1) would require the Court to view the first amended complaint, instead of the original complaint, as the first pleading in this case. Kuria asserts that such a view is proper in light of the fact that the original complaint was filed naming the wrong defendant (Palisades Collection, LLC), therefore, the first amended complaint (naming the proper defendant, Palisades Acquisitions XIV, LLC) was actually the first "pleading" in the chain of complaints for the purposes of Rule 15(a)(1) because it was the first complaint "accepted by" Palisades Acquisitions XVI, LLC. [Doc. 20 at 3–4].  Kuria cites no authority in support of this argument, and his contention is contrary to the plain language of Rule 15(a)(1) as well as a common-sense application of the rule to these facts.  Furthermore, viewing the first amended complaint as a new Rule 15 "pleading" is inconsistent with the relation back argument Kuria advances in response to Palisades' contention that this action is time barred, as discussed *infra.*[3]  Kuria did not therefore have free reign under Rule 15(a)(1) to file a second amendment to the complaint as a matter of course.

However, Kuria has also moved for leave to amend the complaint under Rule 15(a)(2), and to allow the amendment to be granted after the fact and made retroactive to the date that the second amended complaint was filed (an amendment *nunc pro tunc* ).  In circumstances where a party is not authorized to amend as a matter of course, Rule 15(a)(2) provides that a party may amend its complaint only by leave of court or by written consent of the adverse party.  Fed.R.Civ.P. 15(a).  Rule

---

**2.**  Kuria argues that no prejudice will result by allowing the amendment considering that Palisades was immediately served with the second amended complaint, the amendment adds no new parties or claims, but simply provides additional factual support for the allegations in the original claim, and Palisades has already responded with a motion to dismiss the second complaint.  [Doc. 20 at 5].

**3.**  Kuria's Rule 15(c)(1)(C) argument hinges on the fact that the original complaint gave Pali-

sades actual notice because it was served on Palisades' attorney, despite initially naming the wrong defendant.  [Doc. 17 at 15].  The subsequent amended complaints stated no new claims or defenses, and arose out of the same set of facts as the original complaint. [*Id.*]. This being the case, the first amended complaint could not reasonably be considered the first pleading in this case based solely on the fact that it mistakenly named the wrong defendant.

15 requires that leave to amend "shall be freely given when justice so requires," Fed.R.Civ.P. 15(a), and that leave should be granted with "extreme liberality," *Eminence Capital LLC v. Aspeon,* 316 F.3d 1048, 1051 (9th Cir.2003) (per curiam), because cases should be decided on the merits, rather than on the pleadings or technicalities. *Schiavone v. Fortune,* 477 U.S. 21, 27, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986). *See also Anastasio v. Internap Network Servs. Corp.,* Civil Action No. 1:08–CV–3462–JOF, 2009 WL 2486317, at *1 (N.D.Ga. Aug. 12, 2009) ("the Supreme Court held that leave to amend a complaint should be 'freely given' in the absence of 'undue delay, bad faith or dilatory motive . . ., repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . [and] futility of amendment.'") (*quoting Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). Notwithstanding the liberal standard for granting amendments, the Eleventh Circuit has instructed that "a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment." *Maynard v. Bd. of Regents of Div. of Univs.,* 342 F.3d 1281, 1287 (11th Cir.2003) (holding that district court did not abuse its discretion in denying a motion to amend filed on last day of the discovery because granting the motion "would have produced more attempts at discovery, delayed disposition of the case, . . . likely prejudiced [the adverse party], [and] . . . there seems to be no good reason why [the movant] could not have made the motion earlier.").

■ Kuria's motion for leave to amend *nunc pro tunc* is due to be granted because there is no apparent bad faith, dilatory motive, undue prejudice to Palisades, or other sufficient cause to deny leave to amend. *See Lamoureux v. AnazaoHealth Corp.,* 250 F.R.D. 100, 103 (D.Conn.2008) (granting plaintiff's motion to amend complaint *nunc pro tunc* where leave was required under Rule 15 and "plaintiffs' amendments do not materially change the scope of the litigation . . . [but rather] help clarify the positions of the respective plaintiffs") (*citing Foman,* 371 U.S. at 182, 83 S.Ct. 227; *Sapiro v. Encompass Ins.,* 221 F.R.D. 513, 517–18 (N.D.Cal.2004); *Bell v. Executive Comm. of United Food & Commercial Workers Pension Plan for Emps.,* 191 F.Supp.2d 10, 13 (D.D.C.2002)). Kuria's second amended complaint changes none of the claims asserted, and it changes none of the legal theories under which plaintiff intends to proceed. Rather Kuria's amendments add additional factual information to support the allegations in the complaint, ostensibly in response to Palisades' motion to dismiss for failure to adequately state a claim. [Doc. 20 at 5]. Palisades could not be said to have suffered any prejudice considering that it has already received the amended complaint and responded with a motion to dismiss. [*Id.;* Doc. 19]. Granting Kuria's motion for leave to amend would provide for more efficient resolution of the instant litigation consistent with the spirit of Rule 15 by allowing this Court to address Palisades's pending motion to dismiss the second amended complaint. Palisades has also cited no grounds upon which this Court might properly deny leave to amend.[4] Ac-

**4.** Palisades' only opposition to Kuria's motion for leave to amend appears to be the technical argument that a second amendment of the complaint was filed without defendant's consent or leave of court. *Contra Foman,* 371 U.S. at 182, 83 S.Ct. 227 ("outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules"); *Brown v. District of Columbia,* Civil Action No. 09–1800(RBW), 2010 WL 1740824, at *1 (D.D.C. Apr. 28, 2010)

cordingly, Kuria's motion for leave to file the second amended complaint *nunc pro tunc*, [Doc. 20], is **GRANTED**.

## B. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of an action when the complaint fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). In considering a motion to dismiss, the court must accept the plaintiff's allegations as true and construe the complaint in the plaintiff's favor. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir.1993). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quotation marks, citations, and brackets omitted). To survive a motion to dismiss, a complaint must " 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Id.* at 555, 127 S.Ct. 1955 (*quoting Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

"Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.' " *Broner v. Washington Mut.*

*Bank, FA*, 258 Fed.Appx. 254, 256 (11th Cir.2007) (per curiam) (unpublished) (*quoting* Fed.R.Civ.P. 8(a)(2)).[5] "Factual allegations must be enough to raise a right to relief above the speculative level," *id.*, as the complaint must contain "enough facts to state a claim to relief that is plausible on its face," *id.* at 570, 127 S.Ct. 1955. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (*citing Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). The Supreme Court in *Iqbal* held:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.... Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.... [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not

("While the defendants are correct that the motion to amend has been untimely filed, their motion to dismiss essentially takes the position that a more definite statement is warranted. Also, [as] this case is still as [sic] its early stages ... the Court cannot find that the defendants are substantially prejudiced by permitting the plaintiff to file his amended complaint, warranting the resolution of this case on factors other than the merits.").

**5.** Likewise, Federal Rule of Civil Procedure 10(b) requires that claims be set forth in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed.R.Civ.P. 10(b); *Cooley v. Great S. Wood Preserving*, 138 Fed.Appx. 149, 152 (11th Cir. 2005) (per curiam) (unpublished) (citations omitted).

"show[n]"—"that the pleader is entitled to relief."

129 S.Ct. at 1949–50 (internal marks and citations omitted).

■ Palisades advances three grounds on which to dismiss Kuria's second amended complaint: (1) Palisades is not a "debt collector" under the FDCPA; (2) merely filing a lawsuit to collect a debt is not a violation of the FDCPA or GFBPA;[6] and (3) Kuria's claim is time-barred by the one-year statute of limitations under the FDCPA. [Doc. 15–1; Doc. 19–1].[7]

### 1. Defendant's status as a "creditor" or "debt collector" under FDCPA and GFBPA

Palisades asserts that it is a "creditor" under FDCPA, not a "debt collector," therefore, Kuria cannot state a claim for which relief can be granted against it under either the FDCPA or GFBPA. [Doc. 15–1 at 5–6; Doc. 19–1 at 5–6]. 15 U.S.C. § 1692a reads in part:

(4) The term "creditor" means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.

. . .

(6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 808(6) [15 U.S.C. § 1692f(6)], such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. The term does not include—

(A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor;

(B) any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts;

6. Violation of the FDCPA is sufficient to create a violation of the GFBPA. *1st Nationwide Collection Agency, Inc. v. Werner*, 288 Ga.App. 457, 654 S.E.2d 428, 431 (2007) (*citing* O.C.G.A. § 10–1–390). However, a knowing and intentional violation of the FDCPA is necessary for a plaintiff to obtain exemplary damages under the GFBPA. O.C.G.A. § 10–1–399 (2000). Because Kuria's GFBPA claims are premised on the alleged violations of the FDCPA, *see* [Doc. 16 ¶¶ 35–36], the Court will not separately address the merits of the GFBPA claims.

7. Since the Court has granted Kuria's motion for leave to file the second amended complaint, [Doc. 20], Palisades' motion to dismiss the first amended complaint, [Doc. 15], is moot. However, the Court will consider the arguments advanced in that motion and Kuria's response since both parties have incorporated those arguments into their motion and response pertaining to the second amended complaint.

. . .

15 U.S.C. § 1692a.

■ The FDCPA is generally inapplicable to a "creditor" unless that entity has used a third-party name to collect its own debt. *Russell–Allgood v. Resurgent Capital Svcs., L.P.*, 515 F.Supp.2d 1307, 1310–11 (N.D.Ga.2007). Therefore, Palisades presumptively is not liable under the FDCPA for collection actions undertaken on its own debts and in its own name. However, a "creditor" may be treated as a "debt collector" under the FDCPA if the creditor bought a debt already in default at the time of purchase for the purpose of collecting it directly. *Bates v. Novastar/Nationstar Mortgage, LLC*, Civil Action File No. 1:08–CV–1443–TWT, 2008 WL 2622810, at *6 (N.D.Ga. June 24, 2008) ("The FDCPA definitions for creditor and debt collector are separate but overlap, allowing for the possibility that a creditor could also be a 'debt collector' subject to the statute, if the debt was already in default at the time the creditor acquired it.") (*citing Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir.1985); *Monroe v. CitiMortgage, Inc.*, No. 8:07–cv–0066–SCB–TGW, 2007 WL 1560194 at *2 (M.D.Fla. May 29, 2007)). *See also Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir.2003) ("the Act treats assignees as debt collectors if the debt sought to be collected was in default when acquired by the assignee, and as creditors if it was not."); *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 106 (9th Cir. 1996); *McCorriston v. L.W.T., Inc.*, No. 8:07–cv–160–T–27EAJ, 2008 WL 3243865, at *5 (M.D.Fla. Aug. 7, 2008).

■ Neither Kuria nor Palisades dispute that Palisades is a third-party buyer of the debt originally claimed to be owed by Kuria to Providian Bank. [Doc. 15–1 at 1–2; Doc. 16 ¶¶ 9–11]. Kuria alleges, and Palisades does not dispute, that the debt was in default when Palisades purchased it. [Doc. 16 ¶ 21; Doc. 17 at 5–6; Doc. 18 at 2]. Viewing all facts alleged in the complaint as true, and construing the complaint in Kuria's favor, Palisades is not exempt as a matter of law from the FDCPA and GFBPA violations alleged by Kuria because there is authority in this and other jurisdictions holding that a third party who buys debt already in default may be liable for FDCPA violations as a "debt collector" despite having "creditor" status. *See Bates*, 2008 WL 2622810, at *6 *et al.* cited *supra.* Palisades' motion to dismiss cannot therefore be granted on this basis.

### 2. Whether Kuria's pleading alleges sufficient facts to state a claim for a FDCPA or GFBPA violation

Palisades asserts that Kuria's second amended complaint merely "recites the provisions of the [FDCPA]" without providing factual support sufficient to meet the standards for pleading elaborated in *Twombly* and *Iqbal.* [Doc. 19–1 at 7–8]. Palisades specifically argues that the second amended complaint essentially alleges that Palisades did not have documents sufficient to establish its prima facie case at the time it filed the state court suit, but the "mere filing of a lawsuit without the immediate means of proof is not a violation of the FDCPA." [*Id.* at 8 (*citing Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324 (6th Cir.2006); and *Deere v. Javitch, Block & Rathbone, LLP*, 413 F.Supp.2d 886 (S.D.Ohio 2006))]. Under these cases, a plaintiff has not satisfactorily pled a FDCPA violation against a defendant similarly situated to the defendant in the instant case [8] where the plaintiff alleges only

---

8. I.e., where the defendant is an entity that purchases third party debt information from original creditors, then files a lawsuit against a debtor to collect the debt without first verifying the debt's amount and validity.

that the defendant filed a lawsuit to collect on a debt without knowledge or means of proof of the debt's validity. However, *Harvey* and *Deere* are distinguishable because in the instant case, Kuria has alleged in his complaint that Palisades sued him on a debt that he did not owe and that Palisades could not ever prove, intending to either obtain a default judgment or coerce him into a settlement.[9] [Doc. 16 ¶¶ 25–27].

Palisades also argues that filing a collection suit against the wrong debtor is not actionable under the FDCPA. [Doc. 19–1 at 8 (*citing Gonzalez v. Erskine,* CASE NO. 08–20893–CIV, 2008 WL 6822207, at *3 (S.D.Fla. Aug. 7, 2008)) ]. In *Gonzalez,* the court granted a defendant's motion to dismiss under similar circumstances,[10] holding that the defendant's mere filing of a lawsuit in good faith to collect a debt was not a violation of the FDCPA, even where the target of the lawsuit did not actually owe the debt and the defendant creditor took no steps to verify the debt's validity. *Id.* On the other hand, it may be a FDCPA violation where a debt collector sues a debtor in bad faith, or where the debt collector "knew or should have known" that the affidavits supporting the lawsuit were false or that the affiant "lacked personal knowledge" of the matters to which he or she attested. *Williams v. Javitch, Block & Rathbone, LLP,* 480 F.Supp.2d 1016, 1022 (S.D.Ohio 2007).

In *Williams,* the court distinguished *Harvey* and *Deere* in denying the defendant's motion to dismiss, explaining as follows.

[Plaintiff] essentially alleges that [defendant's] 'pattern and practice' is to prepare and file debt collection complaints attaching affidavits from creditors whose knowledge of the specifics of the original debt is limited or non-existent. The fact of the very high rate of default judgments entered in such collection actions creates a disincentive to 'check the truth and accuracy' of its pleadings or its client's affidavits. In the few cases in which a debtor answers the complaint, or seeks discovery, [defendant] dismisses the lawsuit without prejudice.

. . .

[Plaintiff's] Amended Complaint goes some steps beyond the alternate theory described in *Deere.* [Plaintiff] alleges that [defendant] knew or should have known that the "account specialist" who executed the affidavit lacked personal knowledge of the matters she was attesting to in that affidavit. This alleges more than a lack of an adequate "paper trail" in the hands of the attorney, which this Court found insufficient to state a claim in *Deere.*

*Williams,* 480 F.Supp.2d at 1022.

■ While Kuria's complaint here is not squarely on all fours with *Williams* in that it does not specifically allege that an affidavit attached to the state court lawsuit was not based on personal knowledge, it is strikingly similar in its allegation of a pattern and practice of abusive, scattershot litigation to collect debts. Kuria here alleges that Palisades' intent was not to "take its claims against Mr. Kuria to trial

---

9. Though the plaintiff in *Harvey* attempted to allege similar facts on appeal, the Sixth Circuit declined to consider these facts on grounds that allowing her to raise new facts for the first time on appeal would "permit her two bites at the apple." 453 F.3d at 329. Similarly in *Deere,* though the plaintiff argued an improper motive theory in her brief, she did not put these factual allegations into the

complaint and therefore could not avoid dismissal for failure to state a claim. 413 F.Supp.2d at 891.

10. The defendant, a purchaser of third-party debts, sued the plaintiff in state court to collect a purchased credit card debt that plaintiff claimed was owed by another. 2008 WL 6822207 at *1.

at which it would have to prove that its claim had merit," but rather Palisades "intended, instead, either to obtain a default judgment against Mr. Kuria or to enter into a voluntary settlement with him." [Doc. 16 ¶ 26]. Kuria's allegation appears to be rooted in bad faith, reckless disregard toward debtors, and abuse of process akin to *Williams,* and he alleges more than mere lack of knowledge or lack of a "paper trail" asserted in *Harvey, Deere,* and *Gonzalez.* Therefore, viewing the allegations of the second amended complaint in plaintiff's favor, Kuria alleges that defendant's state court suit was supported by "false, deceptive or misleading representations in connection with the collection of a debt" and misrepresented the legal status of the debt and the amount owed because Kuria did not owe the debt and Palisades knew when filing the suit not only that it lacked knowledge of the validity of the underlying debt, but also that it never intended to investigate or verify the debt's validity. [Doc. 16 ¶ 26–27, 33]; *Williams,* 480 F.Supp.2d at 1023. *See also Gigli v. Palisades Collection, LLC,* No. 3:CV–06–1428, 2008 WL 3853295 at *8, *10 (M.D.Pa. Aug. 14, 2008) (holding on nearly identical facts that plaintiff alleged a claim under FDCPA § 1692e where the defendant's complaint in the state court action "falsely represented the character, amount, or status of a debt and sought to collect amounts not authorized by an agreement."). Furthermore, Kuria's allegations of Palisades' practice of filing coercive lawsuits to collect debts not actually owed "could fall within the meaning of the phrase 'unfair and unconscionable' " for purposes of stating a claim under section 1692f of the

FDCPA.[11] *Id.* Accepting all of the factual allegations of the second amended complaint as true, and viewing them in the light most favorable to Kuria, he has stated a plausible case against Palisades for violations of the FDCPA and GFBPA as the second amended complaint provides "fair notice of what the ... claim is and the grounds upon which it rests." *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955 (internal marks and citation omitted).

### 3. Amendment and relation back of complaint to avoid the statute of limitations

Under 15 U.S.C. § 1692k(d), a plaintiff must file a claim alleging a FDCPA violation within one year of the date of the violation or the action will be barred. *Maloy v. Phillips,* 64 F.3d 607, 608 (11th Cir.1995) (per curiam). The parties do not dispute that the alleged FDCPA violation (the filing of the lawsuit against Kuria) occurred on December 1, 2008, the original complaint naming Palisades Collection, LLC (the wrong defendant) was timely filed on November 24, 2009, and that the first amended complaint naming Palisades Acquisitions XVI, LLC was filed after the expiration of the limitations period on March 9, 2010. [Doc. 17 at 14; Doc. 19–1 at 10–11]. Kuria argues that the first amended pleading naming Palisades Acquisitions XVI, LLC should be allowed to relate back to the date of the original complaint under Rule 15(c)(1)(C) to avoid being barred by the statute of limitations. [Doc. 17 at 14; Doc. 22].

Federal Rule of Civil Procedure 15(c) provides:

---

**11.** "Section 1692f of the FDCPA prohibits 'unfair or unconscionable' means to collect a debt. The Seventh Circuit recently noted that the phrase 'is as vague as they come.' Examples provided in the statute include collecting an amount not expressly authorized by the original debt instrument, or communicating with a debtor using a postcard. This section has been described as a 'backstop' in the statute, intended to cover actionable debt collection practices that may not be expressly addressed in Sections 1692d and 1692e." *Williams,* 480 F.Supp.2d at 1023 (internal marks and citations omitted).

(1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:

    (A) the law that provides the applicable statute of limitations allows relation back;

    (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out—in the original pleading; or

    (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

        (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

        (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed.R.Civ.P. Rule 15(c).

The Supreme Court's recent opinion in *Krupski v. Costa Crociere S.p.A.* is particularly relevant to the instant case. —— U.S. ——, 130 S.Ct. 2485, 177 L.Ed.2d 48 (2010). In *Krupski,* the plaintiff filed suit against a cruise line, naming as a defendant "Costa Cruises," the name printed on her ticket *Id.* at 2487 However, after the limitations period expired, counsel for Costa Cruises notified the plaintiff that the proper defendant was in fact an entity named "Costa Crociere." *Id.* As in the instant case, both defendants were represented by the same counsel. The plaintiff amended her complaint to name Costa Crociere as the defendant, and the district court granted Costa Crociere's motion to dismiss, holding that she "had not made a mistake about the proper party's identity because, although Costa Cruise had disclosed Costa Crociere's role in several court filings, she nonetheless delayed for months filing an amended complaint." *Id.* The Eleventh Circuit affirmed, holding that she "either knew or should have known of Costa Crociere's identity as a potential party because she furnished the ticket identifying it to her counsel well before the limitations period ended." [12] *Id.* The Supreme Court, however, reversed, finding that "[t]he Rule's text does not support the Eleventh Circuit's decision to rely on the plaintiff's knowledge in denying relation back." *Id.* at 1288.

> The question under Rule 15(c)(1)(C)(ii) is not whether [plaintiff] knew or should have known Costa Crociere's identity as the proper defendant, but whether Costa Crociere knew or should have known during the Rule 4(m) period that it would have been named as the defendant but for an error.
>
> . . .
>
> The Eleventh Circuit also erred in ruling that Krupski's undue delay in seeking to file, and in eventually filing, an amended complaint justified its denial of relation back under Rule 15(c)(1)(C). The Rule plainly sets forth an exclusive list of requirements for relation back, and the plaintiff's diligence is not among them. Moreover, it mandates relation back once its requirements are satisfied; it does not leave that decision to the district court's equitable discretion.
>
> . . .

---

**12.** Palisades relies on the Eleventh Circuit case overturned by this decision, *Krupski v. Costa Cruise Lines, N.V., LLC,* 330 Fed.Appx. 892 (11th Cir.2009) (per curiam) (unpublished), to support its argument that relation back is not proper merely because plaintiff "was unsure of the proper party to name in the suit." [Doc. 19–1 at 11].

The interrelationship between Costa Cruise and Costa Crociere and their similar names heighten the expectation that Costa Crociere should suspect a mistake when Costa Cruise is named in a complaint actually describing Costa Crociere's activities. In addition, Costa Crociere's own actions contributed to passenger confusion over "the proper party": The front of the ticket advertises that "Costa Cruises" has achieved a certification of quality without clarifying which "Costa" company is meant. And as shown in similar lawsuits, Costa Crociere is evidently well aware that the difference between it and Costa Cruise can be confusing for passengers.

*Id.* at 2488–89.

█ The instant case likewise is one in which relation back is appropriate. Kuria timely filed suit against a defendant that for all purposes appeared to be named correctly in the original complaint,[13] Kuria later learned from opposing counsel that the defendant had been incorrectly named, and shortly thereafter, he amended the complaint. Because counsel for the incorrectly named defendant was the same person as for the correctly named defendant, there was immediate actual notice to the proper defendant that it should have been named in the lawsuit but for Kuria's mistake.[14] Furthermore, Palisades can show no prejudice because its counsel was actively involved in the lawsuit from the time of filing the original complaint. Under *Krupski*, Kuria's amended complaint must be allowed to relate back, and to hold otherwise would be reversible error.

---

**13.** Kuria obtained the name "Palisades Collection, LLC" from the court documents filed by the defendant in the Clayton County lawsuit. [Doc. 17 at 16].

## III. CONCLUSION

For the foregoing reasons, Kuria's motion for leave to file the second amended complaint, [Doc. 20], is **GRANTED,** and the Clerk is **DIRECTED** to enter the pleading, [Doc. 16], on the docket, and it is **RECOMMENDED** that Palisades' motion to dismiss the first amended complaint, [Doc. 15], be **DENIED** as moot, and that its motion to dismiss the second amended complaint, [Doc. 19], be **DENIED.**

**IT IS SO ORDERED and RECOMMENDED** this 27th day of August, 2010.

---

**14.** In addition to having the same counsel, both Palisades Collection LLC and Palisades Acquisitions XVI, LLC are sister companies doing business at the same address and are wholly owned by the same parent, Asta Funding, Inc. [Doc. 13 ¶ 4].